## M. BODNE *v.* J. L. AUSTIN.[*]

## (*Knoxville.* September Term, 1927.)

Opinion filed February 4, 1928.

### 1. CAUSE OF ACTION. FRAUDULENT CONCEALMENT. STATUTE OF LIMITATION.

Fraudulent concealment of the cause of action will prevent the running of the statute of limitation, but in the absence of an election that the concealment of the cause of the illness was fraudulent on the part of the defendant, or that the existence of the cause of action was known to the defendant, the court cannot presume fraud in order to prevent the running of the statute of limitation. (Post, p. 370.)

### 2. CAUSE OF ACTION. PERSONAL INJURIES. ILLNESS. STATUTE OF LIMITATIONS.

When the injury, however slight, is complete at the time of the act, the statute of limitation begins to run, and a continuation of the illness occasioned by such injury within the period immediately preceding the commencement of the action was no more than the aggravation of the legal injury already suffered or inflicted. (Post, p. 370.)

### 3. CAUSE OF ACTION. PERSONAL INJURIES. IGNORANCE. STATUTE OF LIMITATIONS.

The mere ignorance and failure of the plaintiff to discover the existence of a cause of action, or the subsequent damage resulting from the breach of duty or wrongful act can prevent the running of the statute of limitations. (Post, p. 371.)

Citing: 37 C. J., 863.

### 4. CAUSE OF ACTION. BREACH OF DUTY. RECURRENT INJURIES. DECLARATION. STATUTE OF LIMITATIONS.

A declaration which fails to aver that the defendant was guilty of any breach of duty or wrongful act within the period of the

statute of limitations cannot be sustained upon the theory that it is based upon recurrent injuries within the statutory period. (Post, p. 371.)

---

*Headnotes 1. Limitations of Actions, 37 C. J., section 703 (Anno.); 2. Limitations of Actions, 37 C. J., sections 228, 350; 3. Limitations of Actions, 37 C. J., section 228.

---

### FROM HAMILTON.

---

Appeal from Circuit Court of Hamilton County.— HON. OSCAR YARNELL, Judge.

L. TURNEY and M. N. WHITAKER, for plaintiff in error.

STRANG & FLETCHER, for defendant in error.

J. M. ANDERSON, McGUGIN & CATE, and A. W. STOCKELL, *Amicus Curiae.*

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This appeal in error is by the plaintiff from the action of the circuit court in sustaining a demurrer to both counts of plaintiff's declaration, and thereby holding that the action stated in each count is barred by the statute of limitations of one year, section 4469 of Shannon's Code (Code of 1858, section 2772).

The first count of the declaration avers that the plaintiff accompanied his wife, Mrs. Mollie Bodne, to the office of the defendant, and retained and employed defendant to extract his wife's teeth, and to make and fit a set of false teeth; that pursuant to the contract of employment thus made the defendant extracted the teeth of plaintiff's wife in such a careless, negligent and un-

skillful manner that he left a root of a tooth in her mouth, and subsequently treated, cured and healed her gums without removing the root or part of a tooth.

The declaration avers that, as a result of this breach of duty on the part of defendant, the plaintiff's wife became affected with a serious malady, and has become a permanent invalid, suffering great pain and distress.

It is averred that the plaintiff has expended large sums of money for doctors' fees, hospital and medicine bills and traveling expenses, in an effort to ascertain the cause of his wife's illness and to cure the same; that the cause was finally discovered and the tooth removed.

It is averred that the removal of the teeth was undertaken by the defendant on or about June 1, 1916, and that the presence of the portion of a tooth negligently left in the mouth was not discovered until January 5, 1925; that the several matters stated resulted in the plaintiff's damage in the sum of $10,000, for which he sues.

The second count of the declaration is a repetition of the complaint stated in the first count, with the exception that the contract of employment is not referred to.

It is averred that the defendant's failure to remove the portion of the tooth which caused the illness of his wife "was a continuing negligence," and that the tooth was negligently permitted by the defendant to remain in the mouth of plaintiff's wife upon each and every day subsequent to the operation; that the defendant carelessly and negligently failed to disclose the fact to plaintiff's wife. The injuries complained of are thus described in the second count as having resulted from said "continuing carelessness and negligence of the defendant," which remained undiscovered until January 5, 1925, notwithstanding diligence on the part of plaintiff and his wife.

In the companion case of *Mrs. Mollie Bodne* v. *Dr. J. L. Austin,* this day decided in an opinion delivered for the court by Mr. Justice CHAMBLISS, it is held that the cause of action stated in the declaration is within the application of the statute of limitation pleaded.

There remains for consideration plaintiff's contention that the declaration states a cause of action arising within the period of one year prior to the beginning of the suit.

The suit was commenced by the issuance of summons on March 6, 1925. The declaration avers that the operation for the removal of the teeth of plaintiff's wife was performed on or about the first day of June, 1916, and that the fact that a portion of a tooth had been left in the mouth was first discovered on or about January 5, 1925.

The first count of the declaration avers that the defendant carelessly and negligently treated and healed the gums of plaintiff's wife without removing the portion of a tooth, and that he negligently and carelessly failed to notify plaintiff that the broken tooth had not been extracted.

The first count further avers that the illness of plaintiff's wife began "immediately after said operation," and grew worse day by day, on account of which plaintiff's wife was successively placed under the care of physicians in Chattanooga, Hot Springs, Nashville, Brooklyn, and Rochester, Minnesota.

The second count of the declaration avers that the negligence of the defendant in failing to remove the broken tooth was a continuing negligence; "that for a long time after said dental operation" plaintiff's wife continued under defendant's treatment, and defendant carelessly and negligently upon each and every day

156 Tenn.—24.

thereafter permitted the broken tooth to remain unextracted, "and carelessly and negligently failed to disclose the fact to plaintiff's wife, on account of which and soon thereafter plaintiff's wife began to be afflicted," etc.

*(1)* In *Whaley* v. *Catlett,* 103 Tenn., 347, 356, it was said that "fraudulent concealment of the cause of action will prevent the running of the statute."

However, the declaration in the present case fails either to aver that the concealment of the cause of the illness of plaintiff's wife was fraudulent on the part of the defendant, or that the existence of this cause was known to the defendant. The averment that the failure to disclose the breach of duty was careless and negligent implies a lack of knowledge on the part of the defendant rather than otherwise. Certainly we would not be justified in assuming fraud in order to prevent the running of the statute of limitations.

*(2)* Plaintiff relies upon State, for the use of *Cardin* v. *McClellan,* 113 Tenn., 616, as authority for his further contention that the limitation did not begin to run until his cause of action was discovered and made known to him.

The authorities reviewed by this court in the case cited clearly indicate a contrary holding, in so far as the facts of the present case are concerned, particularly the quotation from Wood on Limitations of Actions (113 Tenn., 626, 627), a portion of which is as follows:

"Thus a breach may not inflict any immediate wrong on an individual, but neither his right to a remedy, nor his ability to be precluded by time from its prosecution, will commence until he has suffered some actual inconvenience. But it is otherwise where there is a private relation between the parties, where the wrongdoing of

one creates a right of action in the other; and it may be stated as an invariable rule that when the injury, however slight, is complete at the time of the act, the statutory period then commences, but, when the act is not legally injurious until certain consequences occur, the time commences to run from the consequential damage, whether the party injured is ignorant of the circumstances from which the injury results, or not.''

Plaintiff's declaration does not aver that his wife was under the care of the defendant at any time within the period of one year preceding the commencement of the action. It is clearly averred that the injuries consequent upon defendant's breach of contract or wrongful act began immediately after or soon after the operation for the removal of the teeth, in June 1916, and were not postponed to the period of one year immediately preceding the commencement of the action. The continuation of the illness of plaintiff's wife within the period immediately preceding the commencement of the action was no more than an aggravation of the legal injury already suffered or inflicted.

(3) If the damages claimed can be said to be based only on the consequential injuries shown in the declaration, it is not averred that such injuries developed within the year preceding the commencement of the action, and we have been referred to no authority holding that mere ignorance and failure to discover the existence of the cause of action, or the consequential damages resulting from the breach of duty or wrongful act, can prevent the running of the statute of limitation. 37 C. J., 863.

(4) Nor can the declaration be sustained upon the theory that it is based upon recurrent injuries within the statutory period. The declaration fails to aver that

the defendant was guilty of any breach of duty or wrongful act within the period of the limitation. *Railway Company* v. *Roddy,* 132 Tenn., 568.

We are of the opinion, therefore, that the judgment of the circuit court sustaining the demurrer to the plaintiff's declaration must be affirmed.