ALBERT *v.* SHERMAN.

(*Nashville*, December Term, 1933.)

Opinion filed January 13, 1934.

JOSEPH HANOVER and C. L. MARSILLIOT, both of Memphis, for appellant.

CHAS. L. NEELY, of Memphis, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit to recover damages for negligence with respect to the performance of a dental operation. It was dismissed by the trial judge on demurrer upon the ground that it was barred by section 8595 of the Code providing that actions for injuries to the person must be commenced "within one year after cause of action accrued."

The suit was brought February 15, 1933. The substance of the declaration is that the defendant is a practicing dentist in Memphis, and was employed by the plaintiff on October 10, 1930, to extract a tooth, and to render the professional services incident to the operation, and that defendant did undertake said operation on the date last mentioned; that the operation was performed in a negligent and unskillful manner, so as to leave part of the root of the extracted tooth in the plaintiff's gum, without plaintiff's knowledge; that the gum healed promptly without indication at the time that the tooth had not been wholly extracted. The declaration continued:

"That no damage or injury accrued to plaintiff because of the negligence of the defendant in so carelessly and unskillfully leaving said part of said root of said

tooth in the gum of the plaintiff, and plaintiff suffered no damage therefrom, until on or about the first day of July, 1932, when, and on or about the said last mentioned date, plaintiff's gum, at the place where said tooth had been extracted by the defendant, began to swell, and plaintiff began to suffer from headaches and severe attacks of dizziness, said pains emanating from the point in plaintiff's gum at which said tooth had been extracted; that thereupon plaintiff consulted another dentist, who then proceeded to take an X-ray picture of plaintiff's gum, which picture then and there, and on or about said last mentioned date, for the first time disclosed to plaintiff, and plaintiff first discovered, that a part of the root of said tooth had been so carelessly, negligently and unskillfully left in plaintiff's gum by the defendant.''

It was further averred that, as the result of defendant's aforesaid negligence, plaintiff's antrum became involved, necessitating a painful operation by a specialist, and plaintiff was occasioned much suffering and put to large expense in order to have the root of the tooth removed and to be cured of bodily sickness brought about by its presence in his gums.

*Bodne* v. *Austin,* 156 Tenn., 353, 2 S. W. (2d), 100, 62 A. L. R., 1410 (the wife's case), settles the proposition that an action for injuries to the person, whether viewed as one in contract or one in tort, is barred by the one-year statute of limitations. Code, section 8595. *Bodne* v. *Austin,* 156 Tenn., 366, 2 S. W. (2d), 104, 105 (the husband's case), adjudges that the mere failure of a plaintiff to discover the existence of his cause of action does not prevent the running of the statute. Both cases recognize the rule that fraudulent concealment of the cause of action will arrest the statute.

In the above cases the declarations averred that the dentist there involved extracted the wife's teeth in such a careless, negligent, and unskillful manner as to leave the root of a tooth in her mouth, and that for a long time thereafter the dentist continued to treat the wife's mouth, permitting the root to remain, and carelessly and negligently failed to disclose that fact. The declaration before us is not so strong. There is no averment of continued treatment; indeed, no averment that the plaintiff ever saw the defendant again after the tooth was extracted.

The declaration here does allege that the defendant knew, or by the exercise of reasonable care should have known, that the root of plaintiff's tooth was left in his gum. Such an averment, under *Bodne* v. *Austin* (the husband's case), does not make out a fraudulent concealment of a cause of action. It was said in that case: "The averment that the failure to disclose the breach of duty was careless and negligent implies a lack of knowledge on the part of the defendant rather than otherwise. Certainly we would not be justified in assuming fraud in order to prevent the running of the statute of limitations."

In *Hudson* v. *Shoulders*, 164 Tenn., 70, 45 S. W. (2d), 1072, the declaration plainly charged fraudulent concealment. The question there was whether the plaintiff's failure to discover his cause of action was attributable to his own negligence, in which event he would not have escaped the running of the statute of limitations.

Tested by the three decisions just noted, the declaration before us does not make out a case of fraudulent concealment of a cause of action. Neither does the declaration disclose any negligence on the part of the plain-

tiff. The declaration then presents the direct question as to whether the period of limitation under our statute in an action of this kind commences at the date of the wrongful act or omission or whether it commences at the date of the damage occasioned—the averment being that plaintiff suffered no damage until a year and nine months after the operation.

██ The effort here is to base the cause of action on the alleged consequential damages flowing from the wrongful act of defendant rather than upon the original wrong.

In *State* v. *McClellan,* 113 Tenn., 616, 85 S. W., 267, 269, 3 Ann. Cas., 992, the court said the following statement of the general rule was the law in Tennessee:

"As a general rule, the cause of action for a wrongful act, whether negligent or willful, or for the breach of a contract or duty, accrues immediately upon the happening of the wrongful act or the breach, even though the actual damage resulting therefrom may not occur until some time afterwards. The statute therefore begins to run upon the occurrence of the act or breach complained of, and not from the time of the damage resulting therefrom."

In *State* v. *McClellan, supra,* the court noted an exception to the general rule to the effect that, when a cause of action was based on consequential, as distinguished from direct, damages, involving an act or omission which might have proved harmless, the cause of action might be taken as accruing only upon the actual occurrence of the damage. It is said that there were many respectable authorities sustaining the exception noted, but this court carefully avoided application of the rule embodied in the exception, although such application would have disposed

of the case. The decision in *State v. McClellan* was rested on another ground. If this opinion does not indicate a repudiation of the rule of the exception, it certainly indicates an unwillingness on the part of this court to follow that rule.

Undoubtedly the weight of authority is to the effect that the statute of limitations begins to run against an action of this kind from the date of the wrongful act rather than from the date of the damage caused. *Cappucci* v. *Barone,* 266 Mass., 578, 165 N. E., 653; *Ogg* v. *Robb,* 181 Iowa, 155, 162 N. W., 217, L. R. A., 1918C, 981; *Hahn* v. *Claybrook,* 130 Md., 179, 100 A., 83, L. R. A., 1917C, 1169; *Wetzel* v. *Pius,* 78 Cal. App., 104, 248 P., 283, and see other cases collected in note, 74 A. L. R., 1318. These cases reason that it is the original injury which is the cause of action, or which gives rise to the cause of action, and that the damage sustained is not the cause of action. The statute begins to run when the cause of action accrues. Later injurious developments are merely elements of damage which may be recovered in the original cause of action. Such later developments attach themselves to the primary cause of action, and are not individual causes of action in themselves.

While there is some conflict in the decisions, the majority rule is better sustained by authority and reason. If, as again emphasized in *Patten* v. *Standard Oil Co.,* 165 Tenn., 438, 55 S. W. (2d), 759, statutes of limitation are to be regarded as statutes of repose, the majority rule should obtain. Recognition of a contrary rule would permit a plaintiff, afflicted with some malady, to trace that malady to an original cause alleged to have occurred years and years ago. No practicing physician or dentist would ever be safe. The origin of disease is involved in

uncertainty at best. While hardships may arise in particular cases by reason of this ruling, a contrary ruling would be inimical to the repose of society and promote litigation of a character too uncertain and too speculative to be encouraged.

For the reasons stated, we think the judgment of the trial court was correct, and that it should be affirmed.