Lois D. Jackson and husband,
John D. Jackson, Appellants,

*v.*

General Motors Corporation, Oldsmobile Division, and
Pryor Oldsmobile Company, Appellees.

441 S.W.2d 482.

(*Jackson,* April Term, 1968.)

Opinion filed January 31, 1969.

Petition for Rehearing Denied March 26, 1969.

Second Petition for Rehearing Disallowed June 13, 1969.

Eulyse M. Smith, and Erich W. Merrill, Memphis,
for appellants.

EUGENE GREENER, JR., and LOUIS M. RUTSTEIN, Memphis, of counsel; BUCHIGNANI & GREENER, Memphis, for appellees.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

In May, 1963, Plaintiff John D. Jackson bought an Oldsmobile automobile from Pryor Oldsmobile Company, placing the title thereto in the name of his wife, Lois D. Jackson. In November, 1965, approximately two-and-a-half years later, Mrs. Jackson parked this automobile in her slightly sloping home driveway, and, according to the allegation of the declaration, placed the gear in park position and set the hand-brake. After alighting from the car, and leaving it, according to the allegation of the declaration, the automobile suddenly rolled backwards down the driveway, striking Mrs. Jackson and injuring her.

Mr. and Mrs. Jackson sued Pryor Oldsmobile Company and General Motors Corporation, Oldsmobile Division, for the usual damages, personal injuries, loss of services, consortium, and medical expenses. As summarized in the assignments of error, the action was based on Defendants' common law negligence; breach of warranty; and misrepresentations of fact.

Pryor Oldsmobile Company pleaded to the declaration, but the action against this Defendant need be noticed no further as suit against it was dismissed, and it is not involved in this appeal.

General Motors Corporation, Oldsmobile Division, demurred to the declaration, because it showed on its face that the automobile had been bought on May 16, 1963, but that suit had not been commenced until November 21, 1966.

When the demurrer was heard, the Trial Judge held that the suit was barred by the one year statute of limitations which commenced to run at the time of the sale, in May, 1963. The assignments of error in this Court challenge this holding.

The Court is satisfied, after a thorough consideration of the Plaintiffs-in-error's contention, that this case is ruled by Chief Justice Green's holding in *Albert v. Sherman*, 167 Tenn. 133, 67 S.W.2d 140. In that case it was said:

"In *State, to Use of Cardin v. McClellan*, 113 Tenn. 616, 85 S.W. 267, 269, 3 Ann.Cas. 992, the court said the following statement of the general rule was the law in Tennessee:

'As a general rule, the cause of action for a wrongful act, whether negligent or willful, or for the breach of a contract or duty, accrues immediately upon the happening of the wrongful act or the breach, even though the actual damage resulting therefrom may not occur until some time afterwards. The statute therefore begins to run upon the occurrence of the act or breach complained of, and not from the time of the damage resulting therefrom.'

In *State v. McClellan*, supra, the court noted an exception to the general rule to the effect that, when a cause of action was based on consequential, as distinguished from direct, damages, involving an act or omission which might have proved harmless, the cause of action might be taken as accruing only upon the actual occurrence of the damage. It is said that there were many respectable authorities sustaining the exception noted, but this court carefully avoided application of the rule embodied in the exception, although such application would have disposed of the case. The decision in *State v. McClellan* was rested on another ground. If this opinion does not indicate a repudiation of the rule of the exception, it certainly indicates an unwillingness on the part of this court to follow that rule.

Undoubtedly the weight of authority is to the effect that the statute of limitations begins to run against an action of this kind from the date of the wrongful act rather than from the date of the damage caused."

Chief Justice Green concludes his reasoning on this proposition with this observation:

"While hardships may arise in particular cases by reason of this ruling, a contrary ruling would be

inimical to the repose of society and promote litigation of a character too uncertain and too speculative to be encouraged.''

While this observation was in reference to a malpractice action, it is peculiarly and particularly applicable in this case where after operating an automobile for some two-and-a-half years an action is brought for damages against the manufacturer for a defect alleged to have been present in the automobile during the whole of that time.

The assignments of error are overruled and the judgment of the Trial Court is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.

ON PETITION TO REHEAR

MR. JUSTICE HUMPHREYS.

Appellants have filed a petition to rehear suggesting the opinion filed by the Court ''overlooked the fact that under its holding plaintiff has never at any time had any remedy for the personal injuries that she suffered on November 23, 1965; because the Court has apparently held that plaintiff's cause of action for personal injuries was barred before plaintiff had a cause of action for personal injuries upon which plaintiff could have filed suit.''

On this assumption, several specific inquiries are addressed to this Court. We respond by explaining what we thought was evident.

In *Albert v. Sherman*, 167 Tenn. 133, 67 S.W.2d 140, on which the Court's opinion was based, the declaration

specifically alleged that, although the contract for dental services was breached by a negligent and unskillful operation, no damage or injury accrued to the plaintiff therefrom, and that it was not until the first day of July 1932, that any personal injury did result to the plaintiff, for which she could sue.

In spite of this, citing *Bodne v. Austin,* 156 Tenn. 353, 2 S.W.2d 100, 62 A.L.R. 1410, for the proposition that when the damages sought are for injuries to the person, whether the basis of the suit is contract or tort, the suit is barred by the one-year statute of limitations, it was held that the statute commenced to run at the time of the original breach of contract or duty, and that the later injury claimed was simply a consequence of that breach. On this basis, plaintiffs' suit was dismissed.

In the present case, we have a comparable situation. The breach of contract or duty, according to the declaration, occurred on May 16, 1963, when the automobile was bought. The injuries sustained some two-and-a-half years later grew out of this breach of contract or duty, and so were consequential.

Under *Bodne,* the suit for personal injury had to be commenced within one year even though the cause of action was breach of contract. And under *Albert,* even though the breach of contract resulted in no injury whatsoever at the time—so that no suit could be brought, there can be no recovery for personal injuries consequential to the basis of the action, the negligent breach of contract or duty.

In must be borne in mind, that the cause of action in this case is not the injury plaintiff allegedy sustained. It is fundamental that the bare fact of an injury does not

justify an award against a defendant. The cause of action in this case was an alleged breach of contract and duty in respect to a contract of sale of an automobile. Under the allegations of the declaration, this breach occurred at the time of the sale, so that the cause of action accrued at that time and the statute of limitations began to run on it.

As Chief Justice Grafton Green pointed out in *Albert,* the alternative to this, that of testing the period of limitation from the time of the occurrence of the personal injury rather than the time of the breach of contract from which the injury is a consequence, would create an intolerable situation. For under that rule there would never be a time that a suit could not be brought.

We recognize that some courts have followed the reasoning contended for by plaintiffs-in-error, but this Court has chosen not to do this. And we point out, that the rule which allows a suit to be brought at any time, has proved so unmanageable, that the Uniform Commercial Code undertakes to deal with the problem. See T.C.A. 47-2-725. Of course, the construction and application of this statute of limitations will be for determination in future litigation in which it is invoked.

Suffice it to say, under the authority of *Bodne* and *Albert,* to which we add *Hackworth v. Raulston Purina Co.,* 214 Tenn. 506, 381 S.W.2d 292, (the latter presenting the most eloquent and forceful statement of the purpose of statutes of limitation yet written), the original opinion is reaffirmed and the petition to rehear is denied.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.

ON SECOND PETITION TO REHEAR

MR. JUSTICE HUMPHREYS.

A second petition to rehear has been filed, assuming the Court's opinion was written on a misunderstanding of the relationship of plaintiff Lois D. Jackson to the automobile. This is not the case.

The second petition to rehear is disallowed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN, and CRESON, JUSTICES, concur.