Charles C. **HODGE**

v.

**SERVICE MACHINE COMPANY** and **Linemaster Switch Corporation.**

**Civ. A. No. 6822.**

United States District Court, E. D. Tennessee, N. D.

March 10, 1970.

Sidney Gilreath, Haynes, Gilreath & Cary, Knoxville, Tenn., for plaintiff.

Jerome G. Taylor, Taylor & Templeton, L. C. Morton, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This diversity suit is against a component part manufacturer and the assembler of a product. Plaintiff alleges his left hand, except the thumb, was severed by a punch press. Both defendants have moved to dismiss, contending that the statute of limitations, Tenn.Code Annot. § 28–304, as construed in Jackson v. General Motors Corp., Tenn., 441 S.W.2d 482, cert. den. 396 U.S. 942, 90 S.Ct. 376, 24 L.Ed.2d 243 (1969) bars the suit. Like Jackson, the plaintiff in this case was barred by the statute of limitations before the injury occurred. Plaintiff's employer bought the punch press on February 6, 1966. The injury occurred August 17, 1967. Suit was filed within a year from the date of injury, non-suited, and refiled November 26, 1969. Under Jackson the statute of limitations begins to run at the date of purchase. Defendants, therefore, contend the suit was barred February 7, 1967, some six months before the injury occurred.[1]

■ Plaintiff argues at length that the decision in Jackson was erroneous and constitutionally defective under both the Tennessee and United States Constitutions. The decision in the case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) requires a federal court in a diversity case to apply state substantive law. The Jackson decision furnishes the Tennessee sub-stantive law that is applicable to the case under consideration. The Supreme Court has placed much reliance upon a state court's construction of state statutes when constitutional defects are alleged. See Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970). Cf. Pike v. Bruce Church, Inc., 397 U.S. 137, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970). A federal court will not find an infraction of the Fourteenth Amendment because a state court has decided a state question improperly or because earlier decisions were reversed. Patterson v. Colorado ex rel. Attorney General, 205 U.S. 454, 461, 27 S.Ct. 556, 51 L.Ed. 879 (1907).

■■ Plaintiff's contention that he was unconstitutionally deprived of a cause of action before such cause of action accrued overlooks the reasoning of the Tennessee Supreme Court in the Jackson case. In that case, the cause of action was not the injury that plaintiff allegedly sustained, but was an alleged breach of contract and duty in respect to the sale of an automobile. Jackson v. General Motors Corp., supra, 441 S.W.2d p. 484. Under this reasoning, the conduct of which plaintiff complains arose on February 6, 1966, the date of sale, rather than the date of injury. Plaintiff's injury must have occurred within one year after the date of sale of the punch press for him to have had a cause of action. He did not have a property right in a rule of law which he claims should have existed on the date of his injury. Second Employers' Liability Cases (Mondou v. New York, N.H. & H. R. Co.), 223 U.S. 1, 32 S.Ct. 169, 56 L. Ed. 327 (1912); Silver v. Silver, 280 U. S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929).

For the indicated reasons, defendants' motions to dismiss are sustained.

1. The legislature added the following two sentences to Tenn.Code Annot. § 28–304 in 1969:
   "For the purpose of this section, insofar as products liability cases are concerned, the cause of action for injury to the person shall accrue on the date of the personal injury not the date of the negligence or the sale of a product. The preceding sentence shall not apply to causes of action accruing prior to May 20, 1969."
   Jackson was decided January 31, 1969, rehearing denied March 26, 1969, second rehearing denied June 13, 1969.