Lewis F. Layman, Appellant,

*v.*

Keller Ladders, Inc., et al., Appellees.

455 S.W.2d 594

(*Knoxville*, September Term, 1969.)

Opinion filed June 15, 1970.

LEE & PENNINGTON, Madisonville, for appellant.

FRANK N. BRATTON, Athens, for appellee.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

The present case was instituted by Lewis F. Layman, hereinafter referred to as the plaintiff, in the Circuit Court of McMinn County against Keller Ladders, Inc., et al., claiming damages for personal injuries in the amount of $100,000.00. A general issue plea and special pleas were filed by the defendants; they were subsequently withdrawn, and a plea in abatement was filed.

The trial judge sustained the plea in abatement, holding that the one year statute of limitations barred the plaintiff's suit. Plaintiff appealed directly to this Court.

Plaintiff's declaration contains three counts: (1) common law negligence; (2) breach of implied warranties of merchantability and fitness for a particular purpose; and (3) strict liability. The declaration alleges that on October 12, 1967, the plaintiff purchased a "Kant Twist" aluminum ladder from Valley Feed Service, Inc. and that said ladder was manufactured by Keller Ladders, Inc. On October 27, 1967, the plaintiff was injured when he fell due to a purported defect in the ladder. Suit was filed against the defendants on October 22, 1968—one year and ten days after the date of purchase.

To the declaration the defendants filed a general issue plea and special pleas. Thereafter, an order was entered allowing the withdrawal of defendant's pleas and permitting the filing of a plea in abatement, which plea asserted that since the ladder was purchased on October 12, 1967, and suit was not filed until October 22, 1969, the action was barred by the one year statute of limitations as set out in T.C.A. Section 28-304 (prior to the 1969 amendment thereto).

There is but one assignment of error—that the trial judge erred in holding that the one year statute of limitations for personal injury actions barred this suit because the same was filed more than one year after the purchase of the alleged defective product.

A similar question was recently before this Court in the case of *Jackson v. General Motors Corp.* (1969), 223 Tenn. 12, 441 S.W.2d 482. Relying upon the prior authority of *Albert v. Sherman* (1933), 167 Tenn. 133, 67

S.W.2d 140, and *Bodne v. Austin* (1928), 156 Tenn. 353, 2 S.W.2d 100, this Court held that when the plaintiff's suit is one to recover for personal injuries, the one-year statute of limitations of T.C.A. Section 28-304 is controlling; and the statute begins to run from the date of the purchase of the product and not from the date of the injury.[1] However, on a petition to rehear the Court did acknowledge the fact:

> "that the rule which allows a suit to be brought at any time, has proved so unmanageable, that the Uniform Commercial Code undertakes to deal with the problem. See T.C.A. 47-2-725. Of course, the construction and application of this statute of limitations will be for determination in future litigation in which it is invoked."

One count of the plaintiff's declaration alleges breach of an implied warranty. Thus, he earnestly contends that the pertinent statute of limitations should be that found in T.C.A. Section 47-2-725, rather than Section 28-304. Consequently, we must now confront the problem left unresolved by Jackson, i. e. "the construction and application" of Section 47-2-725.

T.C.A. Section 47-2-725 provides:

"(1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued.

---

[1] T.C.A. Section 28-304 was amended subsequent to the decision in the Jackson case. Rather than beginning to run from the date of the negligence of the sale of the product, the statute now begins to run, insofar as products liability cases are concerned, from the date of the personal injury. However, the amendment does not apply to a cause of action accruing prior to May 20, 1969.

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

It is incontrovertible that the above statute abrogates the six year contract statute of limitations (Section 28-309) where the cause of action is for breach of a contract for sale of goods and recovery is sought for commercial loss. But, is the four year limitation period applicable, as opposed to the limitation periods of T.C.A. Sections 28-304 (one year) and 28-305 (three years), where recovery is sought for personal injuries or property damage, respectively, resulting from an alleged breach of warranty? Does the statute of limitations under Section 47-2-725 change the law as expressed in *Bodne v. Austin*, supra, and *Hackworth v. Ralston Purina Company* (1964), 214 Tenn. 506, 381 S.W.2d 292?

In *Bodne*, the plaintiff sought to recover for personal injuries allegedly caused by the breach on an implied warranty; and he maintained that the contract statute of limitations of six years should be applied rather than the one year statute applicable to personal injury actions. This Court held that the one year limitation period imposed by Section 28-304 governs all personal injury actions, irrespective of whether the action arises out of contract or tort.

In contrast to *Bodne*, *Hackworth* was a case wherein damages were sought for injuries to property, resulting

from the alleged breach of an implied warranty. Extending the theory underlying the personal injury rule, as enunciated in *Bodne*, this Court held that when the gravamen of the action is tortious injury to personal property the three year statute applies (Section 28-305), regardless of whether the action sounds in tort or contract.

Tennessee adopted the Uniform Commercial Code subsequent to the *Bodne* and *Hackworth* decision; therefore, we feel that the principles articulated therein should no longer be applicable in breach of warranty actions. This conclusion is warranted by several compelling reasons. See 33 Tenn.L.Rev. 250 (1966).

■ Tennessee's old Sales Act, which was repealed by the U.C.C., did not provide for a specific statute of limitations. Consequently, in a breach of warranty action the courts were faced with the dilemma of deciding whether the six-year statute for contracts applied or whether the one year statute for personal injuries should govern.[2] The U.C.C. resolves this problem. It contains a limitation period specifically applicable to contracts for the sale of goods. Thus, in a breach of warranty action, arising out of a contract for sale of goods, no distinction should be made as to the statutory period, regardless of the type loss involved.

Neither did the old Sales Act specifically provide for damages for personal injuries or injuries to property resulting from a breach of warranty. However, Section

---

[2] Likewise, if the breach of warranty action was to recover for injury to property, rather than personal injuries, then the courts had to decide whether the contract limitation period applied or the three-year property damage statute.

47-2-715 provides that: "(2) Consequential damages resulting from the seller's breach include * * * (b) injury to person or property proximately resulting from any breach of warranty."

 Accordingly, we are of the opinion that Section 47-2-725 should control in all actions wherein a breach of warranty of a contract of sale is alleged, irrespective of whether the damages sought are for personal injuries or injuries to property. However, as to counts alleging common law negligence and strict liability, the one or three-year statutes are still applicable.

The judgment of the trial court is hereby reversed, insofar as it sustained the defendants' pleas to the count alleging breach of warranty. However, the judgment is affirmed as to the counts alleging common law negligence and strict liability, since the action was commenced more than one year from the date of the sale of the product.[3]

DYER, CHIEF JUSTICE, CRESON, and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.

---

[3] If T.C.A. Section 28-304, as amended, was applicable to the instant case, the plaintiff's counts for common law negligence and strict liability would not be barred. The action was commenced within one year from the date of the injury.