**Joe VASON, Plaintiff-Appellant,**

v.

**George NICKEY, Individually and d/b/a Nickey Construction Company, and Nickey-Raney Construction Company and Nickey Homes, the First National Bank of Memphis, Executor of the Estate of Lannie McCollum, Individually and d/b/a Lannie McCollum Plumbing Company, and Lannie McCollum Plumbing Company, Inc., Defendants-Appellees.**

**No. 20475.**

United States Court of Appeals, Sixth Circuit.

Feb. 15, 1971.

Walter Buford, Memphis, Tenn., on brief for plaintiff-appellant.

Henry H. Hancock, Ronald Lee Gilman, Charles G. Morgan, Memphis, Tenn., on brief for defendants-appellees; Farris, Hancock & Gilman, Memphis, Tenn., of counsel.

Before PECK, BROOKS and MILLER, Circuit Judges.

WILLIAM E. MILLER, Circuit Judge.

This is an appeal from a decision of the United States District Court for the Western District of Tennessee, finding appellant's claim for personal injuries, allegedly caused by faulty design and construction of a building in which he was employed, barred by the statute of limitations.

Appellant, a cook in a Memphis, Tennessee, restaurant operated by Admiral Benbow, was injured on May 14, 1966, when the floor drain of the restaurant collapsed. The building in which the restaurant was located had been completed in June, 1963. The deceased McCollum, whose estate was made a defendant, was the plumbing contractor for the building. Appellee Nickey, having served as general contractor for the construction of the building, subsequently leased it from the owner, Walnut Grove Corporation, for the purpose of operating the Carousel Restaurant. In December, 1965, appellee Nicky assigned his lease to Admiral Benbow, which employed appellant on or before February, 1966. Neither the Walnut Grove Corporation nor the Admiral Benbow is a party to the action.

Appellant's initial action for personal injuries, filed in the District Court on May 12, 1967, was dismissed without prejudice on June 13, 1968, for lack of diversity. Appellant subsequently refiled the action on August 7, 1968. He was permitted by the District Court to utilize Tennessee's saving statute, T.C.A. § 28–107 (1955), authorizing a new action to be commenced within one year from the conclusion of a former action not foreclosed on the merits. The District Court judge also ordered a separate trial on the issue of the Tennessee statute of limitations, 293 F.Supp. 1405. In dismissing the present action, the District Court applied the following statute:

Actions for * * * injuries to the person * * * shall be commenced within one (1) year after cause of action accrued. T.C.A. § 28–304 (Supp. 1969).

Relying on Jackson v. General Motors Corp., 441 S.W.2d 482, (Tenn.), cert. denied, 396 U.S. 942, 90 S.Ct. 376, 24 L.Ed.2d 243 (1969), the court found that the Tennessee decisions hold that a cause of action "accrued," within the meaning of this statute of limitations, at the time of the breach of duty rather than at the time of the injury. Accordingly, the court below held that the cause of action had "accrued" by June, 1963, when the appellees had completed their work on the building in which the injury occurred. Therefore, since more than one year had elapsed between the filing of the action and the breach of duty, the District Court found that the action was barred by the statute of limitations. After a careful study of the Tennessee cases and the presumptions underlying

the Tennessee statute of limitations, we do not agree.

In order to clarify this problem, the following simplified chronology is presented. The building housing the restaurant in which the appellant was injured was completed in June, 1963. Appellant was hired and began working in the building two and one-half years later, in February, 1966. He sustained injury on May 14, 1966, after he had worked for three months. Suit was first filed on May 12, 1967, less than one year after the injury, but almost four years after the building was completed and more than one year after appellant had been employed.

Like the District Court, we are mindful that in a diversity case the federal courts must follow the substantive law of the forum states. Erie Ry. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). It does not matter whether that law was declared by the state legislature or the state courts. *Id.* at 78, 58 S.Ct. 817. Later applications of the Erie doctrine make it clear that state statutes of limitation will be applied by federal courts in diversity cases. Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 65 S.Ct. 1464, 84 L.Ed. 2076 (1945). Since the injury in this action occurred in Tennessee, the federal courts sitting in Tennessee must apply the Tennessee statute of limitations as it would be applied by a Tennessee court. Our task, therefore, is to implement a Tennessee statute in accordance with the intent of the Tennessee legislature and the principles established by the Tennessee courts.

In order to determine the theoretical bases for the statutes of limitation in Tennessee, we turn to the recent case of Hackworth v. Ralston Purina Co., 214 Tenn. 506, 381 S.W.2d 292 (1964), which, according to the Tennessee Supreme Court, presents "the most eloquent and forceful statement of the purpose of statutes of limitation yet written." Jackson v. General Motors Corp., *supra* 441 S.W.2d at 484. In *Hackworth* the Tennessee Supreme Court noted that the statute of limitations is

a statute of repose, the purpose or object of which is to compel the exercise of a right of action within a reasonable time. Such statutes are designed to prevent undue delay in bringing suits on claims, to the surprise of the parties and when the facts have become obscure from the lapse of time, the defective memory or death or absence of witnesses. 214 Tenn. at 509, 381 S.W.2d at 294.

The presumption underlying the Tennessee statute of limitations is "that one having a well founded claim will not delay enforcing it beyond a reasonable time, if he has the power to sue." *Id.* at 510, 381 S.W.2d at 294. Thus, in Tennessee the statute of limitations is designed to force suits to be brought without unreasonable delay so that neither party will be advantaged or disadvantaged by the passage of time.

We now turn to the application of the Tennessee law to the facts of the present case. The court below based its decision on the case of Jackson v. General Motors Corp., *supra*. We find, however, that a thorough examination of *Jackson* and the cases it relied on reveals that the narrow *Jackson* holding would not be extended to cover the situation presented here.

In *Jackson*, in 1963 the plaintiff husband purchased an Oldsmobile and placed the title in the name of his wife, also a plaintiff. Two years later the wife was injured when the vehicle's braking system allegedly failed. The plaintiffs sued both the dealer who sold the car and the manufacturer for negligence, misrepresentations of fact, and breach of warranty. First relying on two early Tennessee cases, the Tennessee Supreme Court ruled that the one year statute of limitations "begins to run upon the occurrence of the act or breach complained of, and not from the time of the damage

resulting therefrom," [1] 441 S.W.2d at 483, citing Albert v. Sherman, 167 Tenn. 133, 67 S.W.2d 140 (1934), and State, to Use of Cardin v. McClellan, 113 Tenn. 616, 85 S.W. 267, 269 (1904).

The *Jackson* court also made reference to the orthodox "consequential" damage rule. According to this rule a cause of action based on consequential damages, involving an act or omission which might have proved harmless, accrues only upon the actual occurrence of the damage, not upon the act causing the damage. 441 S.W.2d at 483.

In dismissing a petition to rehear in *Jackson,* Justice Humphreys reiterated the court's position, adding as authority in support of its ruling the cases of Bodne v. Austin, 156 Tenn. 353, 2 S.W.2d 104 (1928), and Hackworth v. Ralston Purina Co., 214 Tenn. 506, 381 S.W.2d 292 (1964). 441 S.W.2d at 483.

In *Jackson* the Tennessee Supreme Court placed great emphasis on the fact that the action was brought by the plaintiffs, after operating the automobile for some two and a half years, against the manufacturer for a defect alleged to have been present in the automobile during the whole of that time. 441 S.W.2d at 483. The court, undoubtedly attempting to square its decision with the Tennessee view that the statute of limitations is designed to force suits to be brought within a reasonable time, applied the statute to penalize the plaintiffs for not bringing their suit for two and one half years after purchase of the automobile alleged to contain defects for which an action could have been immediately maintained by the plaintiffs.

In the present case, in contrast, the appellant had had no connection whatever with the building alleged to have been defective for two and one-half years after the appellees had completed their work. Accordingly, for a period of at least one and one-half years after the time the court below found that the plaintiff was required to sue in order to be within the applicable statute of limitations, the plaintiff possessed neither the power to maintain an action nor grounds upon which to assert injury or damage. An examination of *Jackson* and the four cases relied upon in the *Jackson* opinions, supports our view that the Tennessee Supreme Court would not hold the present action barred by the one year statute of limitations. Unlike this case but like *Jackson,* all four cases concerned primary parties who had had a close connection with one another and with the injurious transaction or defective item from the time of the initial breach of duty or contract.[2] In each case, it could be argued that there was some injury to the plaintiff and an opportunity to resort to the courts to correct the defect or to redress the injury well within the applicable statute of limitations, whereas in the case before us no such injury or opportunity to sue could possibly be said to have existed.

In State, to Use of Cardin v. McClellan, 113 Tenn. 616, 85 S.W. 267 (1904), the earliest case cited in *Jackson,* the plaintiff sued a county officer for the negligent failure to register correctly a

1. Several months after *Jackson*, the Tennessee legislature amended the statute of limitations applied in that case to the end that in products liability cases, accruing after May 19, 1969, the limitation period begins to run from the date of the injury rather than the date of the negligence or sale. T.C.A. § 28–304 (Supp.1969).

2. In Layman v. Keller Ladders. Inc., 455 S.W.2d 594 (Tenn.1970), decided after *Jackson*, the Tennessee Supreme Court was faced with a similar factual situation. Here, on October 12, 1967, plaintiff purchased a ladder manufactured by the defendant. Two weeks later, on October 27, 1967, he fell due to a purported defect in the ladder. He filed suit on October 22, 1968, one year and ten days after the date of purchase. Citing *Jackson*, the court held that the counts based on strict liability and common law negligence were barred by the one year statute of limitations for personal injuries. Like *Jackson* and the cases it relies on, the plaintiff in *Layman* sustained an actionable injury at the time of purchase.

conveyance plaintiff had made. The Tennessee Supreme Court held that the statute of limitations for suits against public officials for breach of their official duty begins to run from the "consequential injury" resulting from the breach. Although this injury occurred eight years after the date of the breach, the six year statute of limitations was held to apply from the date of the injury rather than from the date of the breach because of certain policy considerations applicable only to suits against public officials.

In Albert v. Sherman, 167 Tenn. 133, 67 S.W.2d 140 (1934), which was cited in *Cardin* and relied upon in *Jackson*, the defendant dentist was sued for failure to remove the entire root of an extracted tooth. The Tennessee Supreme Court found that the statute of limitations began to run at the time of the original injury—that is, when the tooth was partially extracted. The Court reasoned that "later injurious developments are merely elements of damage which may be recovered in the original cause of action." *Id.* at 138, 67 S.W.2d at 141. This discussion assumed that there was indeed an opportunity for the plaintiff to bring an original suit for correction of the negligent extraction as soon as the defendant had performed the surgery. Therefore, the "original cause of action" could have been asserted within the period of the statute of limitations. Here, however, the appellant was not even arguably in position to assert grounds for recovery until at least two and one-half years after the claimed act of negligence had occurred.

The third case cited in *Jackson* is Bodne v. Austin, 156 Tenn. 366, 2 S.W.2d 104 (1928), and is factually indistinguishable from *Sherman,* supra. Here the defendant dentist negligently left part of the root when he extracted the tooth of the plaintiff's wife. Suit was brought nine years later. The court held that the one year statute of limitations for injuries to the person barred the suit, for "the injuries consequent upon defendant's breach of contract or wrongful act began immediately after, or soon after, the operation for the removal of the teeth * * *. The continuation of the illness of plaintiff's wife within the period immediately preceding the commencement of the action was no more than an aggravation of the legal injury already suffered or inflicted." *Id.* at 371, 2 S.W.2d at 105. In this case, therefore, the Tennessee Supreme Court refused to permit a suit more than one year after the immediate injury resulting from the negligent act because the plaintiff could have sued without waiting for subsequent, more serious injuries. Had there been no immediate injury in *Bodne* for which an action would lie, the following language in the Court's opinion indicates that the statute of limitations would have commenced to run when the injury first occurred:

> * * * when the act is not legally injurious until certain consequences occur, the time [statute of limitations] commences to run from the consequential damage * * *." *Id.* at 371, 2 S.W.2d at 105, citing Wood on Limitations of Actions.

■ Applying this reasoning to the case before us, it is clear that in Tennessee the statute of limitations does not begin to run until a plaintiff actually suffers a legal wrong.

The final case cited in *Jackson* also involved a cause of action that was maintainable as soon as the alleged breach of warranty occurred. In Hackworth v. Ralston Purina Co., 214 Tenn. 506, 381 S.W.2d 292 (1964), plaintiff purchased allegedly faulty gas heaters sold by one defendant and manufactured by the other. One or more of the heaters supposedly melted and exploded, causing considerable damage to plaintiff's property. The court found that the three year statute of limitations for damages to personal property, T.C.A. § 28–305 (1955), was applicable so as to bar the action which was not brought until more than three years from the date of purchase. The court reasoned that a statute of limitations is designed "to compel the exercise of a right of action within a reasonable time."

*Id.* at 509, 381 S.W.2d at 294. Since in the case at bar the appellant had no cause of action until long after one year had elapsed from the date of the alleged negligent conduct, we conclude that the Tennessee Supreme Court, if confronted with the facts of this case, would not find that the statute of limitations commences to run during the time that the appellant had suffered no injury and had no legal claim against the appellees.

■ Analogous rulings dealing with the same statute of limitations support this conclusion. In Vaughn v. Terminal Transport Company, 162 F.Supp. 647 (E.D.Tenn.1957), the court held that Tennessee's one year statute of limitations for personal injuries does not begin to run against a third party plaintiff before the filing of the principal action in which the third party plaintiff was the defendant. The court reasoned that the statute of limitations could not have begun to run before the initial suit was filed because the third party defendant's liability was predicated upon the principal defendant's liability to the principal plaintiff. *Accord* Johnson v. General Motors Corp., 243 F.Supp. 694 (E.D. Tenn.1965). The court refused to allow the statute of limitations to run against the third party plaintiff during the time when there could be no suit against the third party defendant. In the case at bar we are faced with a similar situation and reach the same conclusion. The Tennessee statute of limitations does not run against the appellant during the time that he had no cause of action.

It is noteworthy that our Court reached a similar result in a case involving a suit by an injured employee against a third party tortfeasor. Hutto v. Benson, 212 F.2d 349, cert. denied, 348 U.S. 831, 75 S.Ct. 52, 99 L.Ed. 655 (1954). The court found that the cause of action did not "accrue" until after settlement of the employee's workmen's compensation claim against his employer. Accordingly, the court held that the claim was not barred by Tennessee's one year statute of limitations for injuries to the person, because "[i]n Tennessee the statute of lim-

itations runs only after the accrual of a complete right of action." *Id.* at 352. We certainly cannot find that the appellant in the present case had a "complete right of action" against the appellee within the limitation period as applied below and in the *Jackson* case.

This conclusion is further buttressed by a related legislative development which indicates that the Tennessee legislature does not expect a suit to be maintained before the action could possibly be brought. The Tennessee legislature has povided for a suspension of the statute of limitations while a defendant is out of the state and cannot be served with process. T.C.A. § 28–112 (1955). This provision recognizes that a plaintiff should not be penalized by the statute of limitations if events totally beyond his control make it impossible for him to bring suit. See Speigel, Inc. v. Luster, 31 Tenn.App. 342, 215 S.W.2d 16 (1948).

■■ Having found that under Tennessee law the cause of action did not "accrue" at the time of the alleged negligent conduct of the appellees, we must determine the true date of accrual of appellant's asserted cause of action. After reviewing the Tennessee authorities, we conclude that the cause of action "accrued," within the meaning of T.C.A. § 28–304 (Supp.1969), on May 14, 1966, the date of appellant's alleged injury.

For many years Tennessee courts have noted the rule of consequential damages which emphasizes the actual occurrence of injury or damage to an aggrieved party as the time when a cause of action accrues for purposes of statutes of limitation. *See, e. g.,* State to Use of Cardin v. McClellan, *supra,* 113 Tenn. at 624, 85 S.W. 267. Consequential damages, according to Tennessee law, involve an act or omission which might have proved harmless. When damages are consequential, the cause of action accrues upon the actual occurrence of the damages.

Our view is that appellant's injuries fall within this historical definition of consequential damages. They involve an act or omission which might have proved

harmless *to the appellant.* Clearly when the appellees performed the construction on the building in which the appellant was injured, their workmanship brought no direct damages to the appellant. There were simply no grounds upon which appellant could have maintained an action for the correction of claimed defects in a privately owned building with which he had absolutely no connection and from which he had suffered neither harm nor risk.

As noted, the Tennessee statute of limitations protects parties from unreasonable delays in bringing suit. Our decision today does not impair that policy.

Since the action here was first filed on May 12, 1967, and the alleged injury occurred on May 14, 1966, the action is not barred by the one year statute of limitations applicable to such injuries. The action must be remanded for proceedings not inconsistent with this opinion.

Reversed and remanded for further proceedings.