Estle M. WILLIAMS, Plaintiff-Appellant,

v.

The SINGER COMPANY et al.,
Defendants-Appellees.

No. 71-1850.

United States Court of Appeals,
Sixth Circuit.

March 17, 1972.

Robert J. English, Knoxville, Tenn., for plaintiff-appellant.

Hiram G. Tipton, Knoxville, Tenn., for defendants-appellees Ajax Pressing and McGraw Edison; Poore, Cox, Baker, McAuley, Ray & Byrne, Knoxville, Tenn., of counsel.

Robert R. Campbell, Knoxville, Tenn., for defendant-appellee Singer; Hodges, Doughty & Carson, Knoxville, Tenn., of counsel.

Before PHILLIPS, Chief Judge, KENT, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Estle M. Williams appeals from dismissal of his products liability personal injury action upon a holding that the action was barred because it was brought more than one year after the sale of the allegedly offending product. In rendering judgment for the defendants, the District Judge followed the holding of the Tennessee Supreme Court in Jackson v. General Motors, 223 Tenn. 12, 441 S. W.2d 482 (1969), that T.C.A. § 28–304 applied to products liability cases and that the period of limitations, began to run from the date of sale of the accused product, and not that of the injury.

Since this appeal and the briefs of counsel were filed in this Court, the Supreme Court of Tennessee announced a decision—Harts v. Tennessee Liquified Gas Corp., Tenn. (February 7, 1972)—which may be controlling of the case before us. The Tennessee Court there held that where an involved injury provides benefits to an injured person under Workmen's Compensation law, an action against a third party wrongdoer is controlled by T.C.A. § 50–914. In that Section, it is provided that the relevant period of limitation begins to run "from the date of injury." This decision had not been announced at the time the District Judge in the case at bar

rendered his decision. The papers before us are not sufficiently clear as to the applicable facts to warrant our directing entry of any final judgment.

Accordingly, the judgment of the District Court is vacated, the case remanded to the United States District Court for the Eastern District of Tennessee, Northern Division, for further consideration in light of Harts v. Tennessee Liquified Gas Corp., *supra*.