Geraldine W. BRADLEY and Donald H. Bradley, Plaintiffs-Appellants,

v.

GENERAL MOTORS CORPORATION, Defendant-Appellee.

No. 74–1628.

United States Court of Appeals, Sixth Circuit.

March 5, 1975.

Dennis L. Tomlin, Nashville, Tenn., for plaintiffs-appellants.

W. Ovid Collins, Jr., Cornelius, Collins, Higgins & White, Thomas A. Higgins, Nashville, Tenn., for defendant-appellee.

Before PHILLIPS, Chief Judge, MILLER, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PHILLIPS, Chief Judge.

This case presents the recurring and troublesome question of when the Tennessee statute of limitations, T.C.A. § 28–304, begins to run in a products liability action.

Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, and we must look to the decisions of Tennessee courts for the controlling substantive law. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

On October 25, 1963, Dr. Donald W. Bradley purchased a 1964 Pontiac auto-

mobile from a General Motors dealer. On August 22, 1967, Mrs. Bradley was driving the car when it was involved in an accident from which she suffered serious injuries. On June 27, 1968, Dr. and Mrs. Bradley filed complaints against General Motors in the District Court, alleging that the automobile was mechanically defective and predicating recovery upon negligence, strict liability, and misrepresentation. Jurisdiction was based on diversity of citizenship.

In July 1971, the District Court dismissed the complaints, holding that the property damage claim was barred by Tennessee's three-year statute of limitations, T.C.A. § 28–305 (1955), and that the personal injury claim was barred by the applicable one-year period of limitations. T.C.A. § 28–304 (Supp.1973). In reaching this conclusion, the court relied upon Jackson v. General Motors Corp., 223 Tenn. 12, 441 S.W.2d 482, cert. denied, 396 U.S. 942, 90 S.Ct. 376, 24 L.Ed.2d 243 (1969), in which the Tennessee Supreme Court held that the one-year period of § 28–304 began running at the time of sale of a defective product rather than at the time of injury. Also before the District Court was the 1969 amendment to § 28–304, which was enacted for the purpose of reversing the *Jackson* rule. This amendment, however, was made expressly inapplicable to causes of action accruing prior to May 20, 1969.

On a former appeal, this court remanded for reconsideration in the light of the 1972 amendment to § 28–304, which the Legislature passed after the District Court's decision. Bradley v. General Motors Corp., 463 F.2d 239 (6th Cir. 1972). This amendment eliminated the prospective language of the 1969 amendment and stated specifically that "in said products cases no person shall be deprived of his right to maintain his cause of action until one (1) year from the date of his injury and under no circumstances shall his cause of action be barred before he sustains an injury." [1]

---

1. Section 28–304 now provides as follows:

    *28–304. Personal tort actions—Malpractice of attorneys—Civil rights actions—*
    *Statutory penalties*—Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversa-

The 1972 amendment took effect April 11, 1972.

On remand the District Court affirmed its earlier decision on the authority of Ford Motor Co. v. Moulton, 511 S.W.2d 690 (Tenn.1974), cert. denied 419 U.S. 870, 95 S.Ct. 129, 42 L.Ed.2d 109 in which the Tennessee Supreme Court held that the 1972 amendment could not be applied retrospectively.[2] Dr. and Mrs. Bradley again appeal from the dismissal of their suit.

■ In the *Moulton* case plaintiffs purchased their car on April 30, 1969, the accident occurred on July 5, 1970, and the complaint was filed on May 13, 1971. The Supreme Court of Tennessee adhered to the *Jackson* rule and refused to interpret the 1972 amendment to revive an action that otherwise was barred by limitation. *Moulton* is virtually indistinguishable from the case at bar. It states the law of Tennessee as enunciated by the highest court of that state, and we are bound to follow it in this diversity action unless it has been overruled by the even more recent case of Teeters v. Currey, 518 S.W.2d 512 (Tenn.1974).

In *Teeters* the Supreme Court of Tennessee held that in cases where medical malpractice is asserted to have occurred through the negligent performance of surgical procedures, "the cause of action accrues and the statute of limitations commences to run when the patient discovers, or in the exercise of reasonable care and diligence for his own health and welfare, should have discovered the resulting injury. *All cases contra are overruled.*" (Emphasis added.)

Among the cases overruled were Albert v. Sherman, 167 Tenn. 133, 67 S.W.2d 140 (1934) and Bodne v. Austin, 156 Tenn. 366, 2 S.W.2d 104 (1928).

Appellants contend that Teeters v. Currey operated to overrule Jackson v. General Motors Corp., and Ford Motor Co. v. Moulton. General Motors asserts the two latter decisions have not been overruled and are controlling in the present case.

On December 12, 1974, three days after the announcement of the decision of the Supreme Court of Tennessee in *Teeters*, this court released its slip opinion affirming the judgment of the District Court in the present case on the authority of *Jackson* and *Moulton*. The opinion of this court was in process of printing when *Teeters* was announced. This court was unaware of the decision in *Teeters* at the time of the release of our opinion, which thereafter was withdrawn from publication.

Dr. and Mrs. Bradley filed a petition for rehearing, and a suggestion for rehearing in banc, relying on *Teeters*. At the direction of this court, General Motors has filed an answer to the petition for rehearing. No judge of the court having moved for rehearing in banc, the petition for rehearing is now before the original hearing panel for consideration.

■ This court does not have the power to reconsider interpretations of Tennessee law by state courts as does the Supreme Court of Tennessee. The Supreme Court of Tennessee has the power to reconsider and overrule its former interpretation of T.C.A. § 28–304. In the absence of a change by the Tennessee legislature, the federal courts in a diversity case can reconsider and depart

---

tion, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, and actions for statutory penalties shall be commenced within one (1) year after cause of action accrued. For the purpose of this section, insofar as products liability cases are concerned, the cause of action for injury to the person shall accrue on the date of the personal injury not the date of the negligence or the sale of a product and in said products cases no person shall be deprived of his right to maintain his cause of action until one (1) year from the date of his injury and under no circumstances shall his cause of action be barred before he sustains an injury.

**2.** The present Chief Justice of Tennessee dissented in Ford Motor Co. v. Moulton.

from the rulings of the Supreme Court of Tennessee only to the extent, if any, that examination of later decisions of that court show that it has changed its earlier interpretation of the effect of the Tennessee statute. Moore v. Illinois Central R. Co., 312 U.S. 630, 633, 61 S.Ct. 754, 85 L.Ed. 1089 (1941); Wichita Royalty Co. v. City National Bank, 306 U.S. 103, 107, 59 S.Ct. 420, 83 L.Ed. 515 (1939).

In *Teeters*, the Supreme Court of Tennessee made express reference to the legislative amendments to T.C.A. § 28–304 with respect to products liability actions. As stated above, it reversed Albert v. Sherman, 167 Tenn. 133, 67 S.W.2d 140 (1934) and Bodne v. Austin, 156 Tenn. 366, 2 S.W.2d 104 (1928), which were the judicial underpinnings of the decision in Jackson v. General Motors Corp. Appellants contend that, by overruling these underpinnings, the Supreme Court of Tennessee effectively has overruled Jackson v. General Motors Corp.

 We are referred to the decision of a Tennessee trial court which reached the conclusion advocated by Dr. and Mrs. Bradley. On December 20, 1974, Judge Roland Prince of the Law and Equity Court of Anderson County, Tennessee, entered an order holding that *Teeters* overruled *Jackson* and *Moulton*. A decision of a Tennessee trial court is not binding on this court in a diversity case. King v. Order of Commercial Travelers of America, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608 (1947); *cf.* Old Kent Bank & Trust Co. v. United States, 362 F.2d 444 (6th Cir. 1966). However, this court may give weight to the decision of a trial court in determining what is the controlling law of Tennessee. Royal Indem. Co. v. Clingan, 364 F.2d 154 (6th Cir. 1966). The decision of Circuit Judge Prince is in accord with the unreported opinion of the Court of Appeals of Tennessee, Western Division, in Gilbert v. Jones and Ortho Pharmaceutical Corp., (December 31, 1974), in which *Teeters* was applied in a case involving both medical malpractice and products liability.

 Upon consideration, we conclude that the petition for rehearing should be granted; that the decision of the District Court should be vacated; and that the case should be remanded to the District Court for further consideration in the light of Teeters v. Currey.[3] If an appeal is perfected to the Supreme Court of Tennessee in the Anderson County case referred to above, or if a petition for certiorari is filed in the Supreme Court of Tennessee in Gilbert v. Jones and Ortho Pharmaceutical Corp., the District Court will have the option of deferring a decision in the present case until the Supreme Court of Tennessee has decided the issue.

It is so ordered. No costs are taxed. Each party will bear his own costs on this appeal.

---

**3.** In Woodruff v. Tomlin, 511 F.2d 1019 (6th Cir., 1975), this court applied Teeters v. Currey to a malpractice case against a Tennessee lawyer.