prejudicial material broadcast as well as published throughout the St. Louis area.

**Joni R. McFARLAND, Plaintiff,**

v.

**ATHLETIC HOUSE MARINE, INC.
et al., Defendants.**

**No. CIV-2-79-49.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 18, 1980.

Rufus W. Beamer, Jr., and Lewis A. Combs, Jr., Knoxville, Tenn., for plaintiff.

N. R. Coleman, Jr., Greeneville, Tenn., F. Graham Bartlett, Knoxville, Tenn., Gene H. Tunnel and Daniel B. Minor, Kingsport, Tenn., for defendants.

**MEMORANDA OPINIONS AND ORDERS**

NEESE, District Judge.

The motion of the defendants Athletic House Marine, Inc. and Little Dude Trailer Company, Inc. for leave to amend II(c), (d) of the pretrial order herein hereby is GRANTED. Rule 16, Federal Rules of Civil Procedure.

It having been stipulated that the boat and trailer involved herein were sold by the defendant Athletic House Marine, Inc., as the retailer, to the Hart family on June 4, 1974, III(h) of pretrial order herein of December 27, 1979, and this action not having been commenced until March 27, 1979, the claims of the plaintiff based upon breach of warranty are barred by the 4-year period of limitation contained in T.C.A. § 47-2-725(1). *McCroskey v. Bryant Air Conditioning Company* (Tenn., 1975), 524 S.W.2d 487; *Layman v. Keller Ladders, Inc.* (1970), 224 Tenn. 396, 455 S.W.2d 594. The plaintiff makes no claim, much less any showing,[1] that any warranty relied upon

---

1. The party seeking the benefit of a rule in avoidance of a statute of limitation has the burden of establishing such exception, and " * * * [a]ll presumptions are against him, since his claim is against the current of the law and is founded on exceptions. * * * " *Akron Presform Mold Company v. McNeil Corporation*, C.A. 6th (1974), 496 F.2d 230, 233[4], certiorari denied (1974), 419 U.S. 997, 95 S.Ct. 310, 42 L.Ed.2d 270.

"* * * *explicitly* [emphasis supplied] extends to future performance of the goods * * * *" so as to bring the instant situation within the exception set forth in T.C.A. § 47–2–725(2).[2] Upon motion of the aforenamed defendants, the plaintiff's warranty claims hereby are DISMISSED for her failure to state a claim upon which relief can be granted.

The defendant Little Dude Trailer Company, Inc. moved the Court for a summary judgment on the ground that its trailer (including the safety chains and hooks) was not defective at the time it left the hands of the manufacturer. Essentially, such motion asks the Court to disregard the testimony in the record of the plaintiff's expert witness and to accept that of the movant's expert. Of course the Court will not do so. *Felix v. Young,* C.A.6th (1976), 536 F.2d 1126, 1130[1, 2]; *Board of Ed., Cincinnati v. Department of H. E. W.,* C.A.6th (1976), 532 F.2d 1070, 1071[1, 2]. The motion hereby is

DENIED.

---

2. That exception is aimed at situations where a buyer and seller "* * * freely negotiate to extend liability into the future * * *." *Standard Alliance Ind. v. Black Clawson Co.,* C.A. 6th (1978), 587 F.2d 813, 820[3], certiorari denied (1979), 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396. "* * * In the absence of explicit agreement, however, UCC § 725(2), reflecting the drafters' intention to establish a reasonable period of time, four years, beyond which business persons need not worry about stale warranty claims is applicable. This policy consideration underlying § 2–725 makes it acceptable to bar implied warranty claims brought more than a specified number of years after the sale; otherwise merchants could be forever liable for breach of warranty on any goods which they sold. * * *" *Idem.*