**Reba Claborn ALLEN**

v.

**Bethel V. NEWPORT, d/b/a Putnam County Ambulance Service, et al.**

**No. 76–42–NE–CV.**

United States District Court,
M. D. Tennessee,
Northeastern Division.

Oct. 5, 1976.

John H. Little, Livingston, Tenn., for plaintiff.

Walter K. Crawford, Cookeville, Tenn., for defendants.

## MEMORANDUM

MORTON, District Judge.

Plaintiff, a Kentucky citizen, filed this action pursuant to the Tennessee Medical Malpractice Review Board and Claims Act, T.C.A. § 23–3401, et seq., on June 23, 1976, alleging that her deceased son was tortiously denied adequate medical treatment by defendant ambulance attendants (both residents of Tennessee) following an automobile accident which occurred on July 19, 1974. Jurisdiction is invoked pursuant to 28 U.S.C. § 1332, there being the requisite diversity of citizenship and the amount in controversy being allegedly in excess of $10,000.00.

Defendant Bethel V. Newport, owner of the defendant ambulance service, has filed a motion to dismiss this action, arguing that suit is barred by the applicable one-year statute of limitations in Tennessee, T.C.A. § 23–3415. That statute provides in pertinent part as follows:

> The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28–304; provided, however, that in the event the alleged injury is not discovered within the said one (1) year period, the period of limitation shall be one (1) year from the date of such discovery; provided further, however, that in no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant in which case the action shall be commenced within one (1) year after discovery that the cause of action exists; and provided still further that the time limitation herein set forth shall not apply in cases where a foreign object has been negligently left in a patient's body in which case the action shall be commenced within one (1) year after the alleged injury or wrongful act is discovered or should have been discovered.

Plaintiff has filed a response to defendant's motion in which she avers that since she did not discover the alleged *negligence* of the defendant ambulance attendants until March 10, 1976, her cause of action survives in accordance with the discovery exception provided in the statute.

It should be noted initially that the court has some reservation as to whether this action is properly maintainable under the Medical Malpractice Review Board and Claims Act of 1975, T.C.A. § 23–3401, et seq. The Act defines "medical malpractice action" as "an action for damages for personal injury or death as a result of any alleged negligence or medical malpractice by a *health care provider,* whether based upon tort or contract law." T.C.A. § 23–3402(1) (emphasis added).

The Act defines "health care provider" as including "but . . . not limited to physicians, dentists, clinical psychologists, pharmacists, optometrists, podiatrist, registered nurses, physicians' assistants, osteopaths, chiropractors, physical therapists, nurse anesthetists, anesthetists, *emergency medical technicians,* hospitals, nursing homes and extended care facilities." T.C.A. § 23–3402(4) (emphasis added).

■ Whether defendant ambulance attendants had sufficient training, experience, or expertise to qualify them as "emergency medical technicians" on the date of the accident is a factual question which neither party has addressed. The resolution of that issue, however, would seem a necessary and desirable objective, were the case to proceed to trial.

Inasmuch as this action can be disposed of on another issue, however, it is unnecessary to make a determination on the question raised above. The court is of the opinion that plaintiff's reading of T.C.A. § 23–3415 is erroneous and hence, that her position respecting the running of the limitations period is untenable.

■ Plaintiff suggests, as indicated previously, that the term "alleged injury" as used in the discovery exception clause of the statute, refers to the alleged negligent *act* of the defendant rather than the resulting *physical* harm. Such a reading of that term not only ignores the context out of which it is lifted, but is inconsistent with the logic and purpose of the Act itself.

A careful reading of § 23–3415 reveals that the terms "injury" and "wrongful or negligent act," are used in quite distinct contexts, and never interchangeably, as plaintiff would suggest. The statute first provides that

.  .  . in the event the alleged *injury* is not discovered within  .  .  . one (1) year  .  .  . the period of limitation shall be one (1) year from the date of such discovery  .  .  . (emphasis added)

Immediately thereafter, it provides that

.  .  . in no event shall any such action be brought more than three (3) years after the date on which *the negligent act or omission* occurred  .  .  . (emphasis added)

The legislature's choice of the term "injury" in the first clause quoted above, and the term "negligent act or omission" in that immediately following it, is a rather clear indication that it perceived and intended a different meaning for the two terms. Had the legislature intended for the term "injury" to mean "negligent act," there would have been no reason not to have simply used the term "negligent act" in *both* the first and second clauses of the section, thereby avoiding the problematical ambiguity created by plaintiff's strained reading of the statute.

The foregoing analysis is further supported by the language of the final clause of § 23–3415(a), which provides as follows:

.  .  . where a foreign object has been negligently left in a patient's body  .  . the action shall be commenced within one (1) year after the alleged *injury or wrongful act* is discovered or should have been discovered. (emphasis added)

Here again, the use of both terms would be superfluous if they were intended to be interchangeable. The only logical reading of the quoted clause is that the legislature intended the terms "wrongful act" and "injury" to connote different concepts.

■ Plaintiff's theory is also incompatible with the obvious purpose of the section which is to protect persons from the effects of an act of negligence which, because of the nature of physiological reaction time, or the delay in discernible manifestations of a previously induced disorder, may go undetected for a considerable period. There is no good reason why an individual who knows, at the time the injury is inflicted upon him, that he has in fact been physically harmed, should be exempted from the traditional one-year provision for personal injury actions, T.C.A. § 28–304, absent a showing of some type of fraudulent concealment by the perpetrator. The very purpose of a statute of limitations is to insure that claims for relief are diligently pursued. *Vason v. Nickey,* 438 F.2d 242 (6th Cir. 1971). It is incumbent upon the victim, once he is aware that he has been injured, to seek out the cause of his injury with reasonable dispatch. Failure to "discover" that cause within the statutory limitations period is traditionally fatal to his claim for relief.

Under plaintiff's theory, however, dilatoriness would be rewarded, for the plaintiff who failed to diligently pursue his claim might be permitted up to three years within which to bring suit, simply because he had not "discovered" that a negligent act had been perpetrated upon him. It is inconceivable that such was the intention of the Tennessee legislature in enacting § 23–3415.

■ For the reasons stated above, it is this court's opinion that the term "injury" as used in T.C.A. § 23–3415 was intended by the Tennessee legislature to mean personal, physical injury, rather than an act of negligence. Accordingly, since it is uncontroverted that the death of plaintiff's son occurred on or shortly after July 19, 1974, the limitations period on her claim for relief began to run from that point and expired one year thereafter, sometime in July of 1975. Suit was not filed until June 23, 1976. Thus plaintiff's claim is time-barred under T.C.A. § 23–3415 and her action must be dismissed.

An appropriate order will be entered.