Harold C. KRAMER and Joan W. Kramer, his wife, Plaintiffs–Appellants,

v.

PIPER AIRCRAFT CORPORATION, a Pennsylvania corporation, Defendant–Appellee.

No. 85–5727.

United States Court of Appeals, Eleventh Circuit.

April 5, 1989.

Stinson, Lyons & Schuette, P.A., Douglas S. Lyons, Miami, Fla., for plaintiffs-appellants.

James E. Tribble, Blackwell Walker, Fascell & Hoehl, Miami, Fla., for defendant-appellee.

Before RONEY, Chief Judge, KRAVITCH, Circuit Judge, and ATKINS *, Senior District Judge.

PER CURIAM:

Following oral argument in this case, we certified a question to the Florida Supreme Court which asked if strict liability had replaced or merely supplemented implied warranty as the appropriate cause of action under Florida law in a personal injury case where no privity exists between plaintiff and defendant. *Kramer v. Piper Aircraft Corp.*, 801 F.2d 1279 (11th Cir.1986). We noted at the time that another question of great relevance to this case had been certified in *Bates v. Cook, Inc.*, 791 F.2d 1525 (11th Cir.1986), which was whether the "last act" or "significant relationships" test controlled the determination of where a cause of action arose for purposes of applying Florida's "borrowing" statute for the limitation of actions, Fla.Stat.Ann. § 95.10. The Supreme Court of Florida has now answered both questions. *Kramer v. Piper Aircraft Corp.*, 520 So.2d 37 (Fla.1988); *Bates v. Cook, Inc.*, 509 So.2d 1112 (Fla.1987). Now that the pertinent law of Florida has been made clear, this appeal can be decided.

This case arose out of a plane crash which occurred in Virginia in 1975. Approximately two years and four months after the crash, passengers Harold and Joan Kramer, filed a personal injury action against Piper Aircraft, the manufacturer of the plane. The Kramers asserted four separate causes of action: negligence, strict liability, breach of implied warranty of fitness and breach of implied warranty of merchantability.

The district court entered summary judgment for Piper holding that Virginia's two-year statute of limitations for personal injury actions, Va.Code § 8.01–243, barred

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

the Kramers' suit. The court applied Virginia's statute of limitations because it found that for purposes of Florida's "borrowing" statute, the Kramers' cause of action arose in Virginia, the *lex loci delicti* or the place where the crash and injuries occurred.

*First,* we affirm the entry of judgment for Piper on the Kramers' claims for implied warranty, although on different grounds than those relied on by the district court.

■ We certified a question in this case regarding the viability of the Kramers' implied warranty claims in light of the fact that they had no privity with Piper and had a separate cause of action for strict liability. Specifically, we asked the Florida court to clarify whether the recognition of a cause of action for strict liability in tort in *West v. Caterpillar Tractor Co.*, 336 So.2d 80 (Fla.1976) in effect abolished the cause of action for violation of implied warranty in a non-privity situation. In answering this question, the Florida Supreme Court held that *"West* supplants common law implied warranty in the absence of privity of contract in those instances in which a cause of action for strict liability is appropriate." *Kramer v. Piper Aircraft Corp.*, 520 So.2d 37, 39–40 (Fla.1988). Thus, a person injured while a passenger in an airplane does not have a cause of action in implied warranty separate and distinct from a strict liability action.

Prior to consideration of Piper's motion for summary judgment, the parties stipulated to a number of facts, including the fact that the Kramers were not the purchasers of the aircraft and were not in privity with Piper. Based on the answer to the certified question, the Kramers have no claim under Florida law for breach of implied warranty.

■ *Second,* as to the Kramers' tort claims, negligence and strict liability, it is apparent that the case must be remanded to the district court to apply the significant relationships test as to whether the Virginia or the Florida statute of limitations should apply.

Subsequent to the decision by the district court, the Florida Supreme Court held that conflicts of law questions should be determined with reference to the "significant relationships" test, rather than the "last act" or *lex loci delicti* rule. *Bishop v. Florida Specialty Paint Co.*, 389 So.2d 999 (Fla.1980). After we remanded the case in light of *Bishop*, the district court again entered judgment for Piper, relying on *Pledger v. Burnup & Sims, Inc.*, 432 So.2d 1323 (Fla. 4th DCA 1983), *review denied,* 446 So.2d 99 (Fla.1984). *Pledger* held that while *Bishop* controlled conflicts questions involving a choice of substantive law, the case did not govern the application of a procedural statute such as Florida's borrowing statute.

The issue addressed in *Pledger* was certified to the Florida Supreme Court in *Bates v. Cook, Inc.*, 791 F.2d 1525 (11th Cir.1986). In response to this certification, the Florida Supreme Court held that *Pledger* was wrong, and that the significant relationships test adopted in *Bishop* should be employed to decide in which state a cause of action arose for Florida's borrowing statute. *Bates v. Cook, Inc.*, 509 So.2d 1112 (Fla.1987).

Since the district court applied Virginia's statute of limitations, under the "last act" test, it did not apply a significant relationship test as now required by Florida law. It is possible that the district court may deem Florida to have a more significant relationship to this case than Virginia. The plane was designed, manufactured and tested in Florida and the Kramers are now residents of Florida. If Florida's four-year statute of limitations is applied in this case, the Kramers' claims would not be barred.

■ In a supplemental brief filed after the Florida Supreme Court's decisions in *Kramer* and *Bates,* Piper argues that it would be unfair and indeed unconstitutional to apply *Bates* in this case if it would lead to the revival of the Kramers' claims. Piper contends that at the time this case was filed, Florida's borrowing statute directed application of Virginia's statute of limitations, which barred the Kramers' claims. Piper asserts that the protection

afforded by the Virginia statute of limitations is a vested property interest subject to constitutional protection. The application of Florida's borrowing statute as interpreted in *Bates* might increase the limitations period in this case, and Piper contends that this would constitute a deprivation of due process. Piper also argues that Florida law, controlling in this diversity action, prohibits revival of a barred cause of action.

Piper's arguments rely on the proposition that there had been a final determination that the Kramers' claims were barred, upon which Piper is entitled to rely. There has been no such determination in this case. While the district court did find the claims to be barred, this decision was appealed and the law of Florida changed during the pendency of the appeal. The law is settled that a federal appellate court sitting in a diversity case must apply the state law as it exists at the time of the appeal and not at the time of the district court judgment. *Vandenbark v. Owens–Illinois Co.,* 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327 (1941). Intervening state court decisions, even on issues such as the statute of limitations, must be given effect. *Williams v. Singer Co.,* 457 F.2d 799 (6th Cir.1972) (Change in state law which occurred during pendency of appeal to the effect that the statute of limitations runs from date of injury and not date of sale of product required reversal of district court's holding that claim was barred). There is no prohibition, constitutional or otherwise, against the application of *Bates* to this case.

AFFIRMED in part; VACATED and REMANDED in part.