[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14862

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 1, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-60435- CV-JIC

LIVING LEGENDS RETIREMENT CENTER, INC.,

Plaintiff-Appellant,

versus

LEXINGTON INSURANCE COMPANY,
a Delaware corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 1, 2006)**

Before PRYOR, FAY and REAVLEY,* Circuit Judges.

PER CURIAM:

_____

* Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth Circuit, sitting by designation.

This appeal challenges a ruling on a pre-trial motion in a breach of contract suit. Plaintiff-Appellant, Living Legends Retirement Center Inc. ("Living Legends"), sued its commercial property insurer, Lexington Insurance Company ("Lexington"), for breach of contract after the insurer denied a storm water damage claim. Defendant-Appellee Lexington asserted that Living Legends' policy excluded surface water damages on a "Causes of Loss Special Form" ("Special Form") which appeared as an attachment to the policy declarations. Living Legends filed a Motion in Limine, asking the court to find that exclusions on the Special Form did not apply unless the word "special" appeared on the declarations page of the policy. The court denied Living Legends' motion, finding that the declarations page incorporated the challenged Special Form by reference and that the parties intended to have the form apply to the policy. After Lexington prevailed at jury trial, Living Legends filed this appeal. For the reasons set forth below, we affirm.

## BACKGROUND

Living Legends, an assisted living facility in Deerfield Beach, Florida, purchased commercial property insurance from Lexington Insurance Company, a Delaware Corporation that is headquartered in Massachusetts, on August 15, 2002, in order to cover its premises, the contents of the premises and its business income

from property losses. Lexington issued a policy that consisted of a declarations page and eighteen printed schedules and endorsements. The declarations page of the policy was preprinted in parts and contained fill-in-the-blank sections in other parts. The declarations page identified the policy as a one-year renewal of an earlier policy and listed the perils as "all risk excluding flood and earthquake." The last item on the declarations page dealt with attachments and directed the policy-holder to "See attached forms schedule."

The top of the attached form schedule contained a cross-reference to the policy number and its effective date. The rest of the schedule consisted of a list of eighteen different forms or endorsements that had some bearing on the policy, including "Common Policy Conditions," " Fire Schedule," "Business and Personal Property Coverage" and a "Causes of Loss Special Form," among others.

On August 9, 2003, roughly one-week before the policy was due to expire, a severe rainstorm damaged the Living Legends retirement facility and its contents. Living Legends submitted a claim for damages to the building, its contents and lost business income. Lexington denied the claim, noting that the policy's form schedule listed a Special Form attachment which excluded claims for surface water damages. Living Legends sued Lexington for breach of contract in Florida circuit court, arguing that the declarations page limited exclusions to damages

3

arising from earthquake and flood, and that the exclusions on the Special Form applied only "[w]hen Special is shown in the Declarations." Since the word "special" appeared nowhere on the declarations page, the exclusions did not apply, Living Legends contended.

Lexington removed the case to federal district court, invoking the court's diversity jurisdiction, and raised fourteen affirmative defenses in its answer to the complaint. The district court dismissed a number of them, but left intact nine of the defenses that relied upon exclusions in the Special Form attachment. Before the case proceeded to trial Living Legends filed a Motion in Limine that asked the court to find the exclusions inapplicable because the declarations page did not list "special" exclusions or causes of loss. In support of this motion, Living Legends cited prefatory language on the Special Form which stated: "[w]hen Special is shown in the Declarations, Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS UNLESS THE LOSS IS: 1. Excluded in Section B., Exclusions, or 2. Limited in Section C, Limitations."

Lexington argued that the word "special" did not need to appear on the declarations page because that page incorporated the Special Form by reference. Living Legends conceded during oral argument on its motion that the declarations page did incorporate the Special Form by reference, but insisted that the wording

in the first part of the Special Form limited the force of the form's exclusionary provisions to policies that featured the word "special" in their declarations. Alternatively, Living Legends argued that the language appearing under Part A of the Special Form should be considered ambiguous at best, and construed in favor of the policy-holder.

The district court denied Living Legends' motion, finding that the declarations page did incorporate the Special Form by reference and that the "clear intent of the parties was to include the form with its exclusions and limitations." The court also found that the terms of the policy contained no ambiguities. OMNIBUS ORDER ON MOTIONS IN LIMINE, decided by the district court on June 9, 2005.

The case proceeded to a jury trial and at the close of the evidence, Living Legends filed a Motion for Judgment as a Matter of Law. The court denied the motion and instructed the jury to find for Lexington should the evidence show that the damage was caused by an excluded cause of loss. The jury entered a verdict for Lexington and Living Legends filed a Motion Renewing its Motion for a Judgment as a Matter of Law. The court denied that motion. Thereafter, Living Legends filed this appeal to challenge the district court's interpretation of the

insurance policy and its conclusion that the parties intended to incorporate the exclusions and limitations that appeared on the Special Form.

## STANDARD OF REVIEW

The district court ruling in this case turned on the interpretation of an insurance contract. Since the court was sitting in diversity, it applied the law of the forum state, Florida. *See, e.g.*, *Technical Coating Applicators, Inc. v. United States Fid. and Guar. Co.*, 157 F.3d 843, 844 (11th Cir. 1998) (noting that when a contract suit comes before a federal district court as a matter of diversity jurisdiction, the court applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result). In Florida, the interpretation of an insurance contract is a matter of law. *Id*. We review decisions on matters of law *de novo*. *Admiral Ins. Co. v. Feit Mgmt. Co.*, 321 F.3d 1326, 1328 (11th Cir. 2003), *Vector Prods. v. Hartford Fire Ins. Co.*, 397 F.3d 1316, 1318 (11th Cir. 2005), citing *LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1515 (11th Cir. 1997).

## ANALYSIS

Courts interpret insurance coverage provisions liberally under Florida case law and generally construe insurance contracts in accordance with the plain language of the policies as bargained for by the parties. *Prudential Property &*

*Casualty Ins. Co. v. Swindal*, 622 So. 2d 467, 470 (Fla. 1993); *Hrynkiw v. Allstate Floridian Ins. Co.*, 844 So. 2d 739, 741-742 (Fla. 5th DCA 2003). Since exclusionary clauses run counter to the fundamental protective principles of insurance coverage, however, Florida courts construe exclusionary provisions more narrowly. *See, e.g., Deni Associates of Florida, Inc. v. State Farm Fire & Cas. Ins. Co.*, 711 So. 2d 1135, 1138 (Fla.1998); *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1327 (11th Cir. 2005).

Additionally, the Florida Supreme Court has held that ambiguous exclusionary provisions must be construed in favor of the insured. *Prudential Property and Casualty Insurance Co.*, 622 So. 2d at 470; *Deni Associates of Florida, Inc.*, 711 So. 2d at 1138, citing *State Farm Mutual Automobile Insurance Co. v. Pridgen*, 498 So. 2d 1245, 1248 (Fla. 1986). As this Court has cautioned, however, a contract should not be considered ambiguous simply because it requires interpretation or it fails to define a term. *Carneiro da Cunha v. Standard Fire Insurance Co.*, 129 F.3d 581, 585 (11th Cir. 1997). Absent any ambiguities, courts should defer to the plain language meaning of the policy in determining whether a given provision applies. *Guideone Elite Ins. Co.*, 420 F.3d at 1327.

We begin our analysis of the facts by noting that Living Legends conceded that the declarations page of its property insurance policy incorporated the Special Form by reference. Accordingly, the district court properly ruled that the declarations page of the policy incorporated the Special Form by reference since the declarations page directed the policy-holder to "See attached form schedule," and the attachment listed this form by name.

Proceeding to the language at the heart of this dispute, we examine Part A of the Special Form which states: "A. COVERED CAUSES OF LOSS When Special is shown in the Declarations, Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS unless the loss is: 1. Excluded in Section B., Exclusions; or 2. Limited in Section C. Limitations; that follow." We find no ambiguities in this section of the form. Part A simply informs the policy-holder which losses will be "covered" in policies that have Causes of Loss forms that are identified as "special" in the Declarations.

Language contained in other portions of the policy supports this interpretation. For example, the "Building and Personal Property Coverage Form" which appears on the form schedule to the Declarations directs the policy-holder under "[Part] A. COVERAGE...[Number] 3. Covered Causes of Loss" to "See applicable Causes of Loss Form as shown in the Declarations." Similarly, Part B.

of this same form, which addresses "EXCLUSIONS" directs the policy-holder to "See applicable Causes of Loss Form as shown in the Declarations." Thus, when we read Part A of the Special Form in the context of the entire policy, we conclude that it uses the word "special" to identify a particular Causes of Loss Form. Indeed, Lexington asserted that it used three different Causes of Loss forms in its commercial property policies, and that the forms were identified as "basic," "broad" or "special," depending upon the type of coverage/exclusions the policy-holder desired. Living Legends did not dispute this assertion.

Turning to Part B of the Special Form, which deals with exclusions from coverage, we find subparagraph "g" which states:

> "Water.
> 1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water or their spray, whether driven by wind or not;
> 2) Mudslide or mudflow;
> 3) Water that backs up from a sewer or drain; or
> 4) Water under the ground surface pressing on, or flowing or seeping through:
>     a) Foundations, walls, floors, or paved surfaces;
>     b) Basements, whether paved or not; or
>     c) Doors, windows or other openings.
> But if loss or damage by fire, explosion or sprinkler leakage results, we will pay for that resulting loss or damage."

As we noted previously, a contract should not be considered ambiguous simply because it requires interpretation or it fails to define a term. *Carneiro da*

*Cunha v. Standard Fire Insurance Co.*, 129 F.3d 581, 585 (11th Cir. 1997). And, when a policy does not present ambiguities, courts should defer to the plain language meaning of the policy. *Guideone Elite Ins. Co.*, 420 F.3d at 1327.

## CONCLUSION

The district court did not err when it found that the declarations page of Living Legends' insurance policy incorporated the Special Form by reference. Nor did it err when it interpreted the language on that Special Form according to its plain meaning, and found that the exclusions listed therein applied.

**AFFIRMED**.