[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12825

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:07-cv-23044-AJ; 1:07-cv-23358-AJ

1:07-cv-23044

ESPERANZA GARCIA,
as Personal Representative of the Estate of Paola Penafiel,

Plaintiff - Appellant,

versus

GEICO GENERAL INSURANCE COMPANY,

Defendant - Appellee,

_____

1:07-cv-23358

GEICO GENERAL INSURANCE COMPANY,
a foreign insurance company,

Plaintiff - Appellee,

EDGAR BAENA,
MIGUEL BAENA,
ESTATE OF PAOLA PENAFIEL,
ERICA MANSON,

                                                        Defendants - Appellants,

ALEXANDRA MONTOYA, et al.,

                                                                Defendants.

                          _____

                     Appeal from the United States District Court
                        for the Southern District of Florida
                          _____

                                (January 9, 2012)

Before BARKETT, WILSON, and ARNOLD,[*] Circuit Judges.

PER CURIAM:

       This is a consolidated appeal involving the interpretation of an automobile

insurance policy's "non-owned auto" provision.  Esperanza Garcia, Edgar Baena,

and Miguel Baena appeal a series of district court orders in favor of Geico General

Insurance Company ("Geico").  For the following reasons, we reverse and remand.

       In December 2006, Miguel flew to South Florida for vacation.  At the Fort

Lauderdale airport, he rented a car from Enterprise Rent-A-Car ("Enterprise").

When an Enterprise representative asked him whether there would be any other

drivers, Miguel responded in the negative.  The rental agreement therefore stated,

       [*]Honorable Morris S. Arnold, United States Senior Circuit Judge for the Eighth Circuit,
sitting by designation.

"no other drivers permitted." Miguel did not have his own automobile insurance, and he did not purchase liability insurance from Enterprise.

Miguel later met his brother Edgar, who was not privy to the terms of the rental agreement with Enterprise. The brothers attended a Miami Heat game together, and on the way home from the game, Miguel asked Edgar to drive. Edgar agreed, and during the course of operating the vehicle, Edgar crashed into Paola Penafiel's car. Penafiel was killed in the collision.

Although Miguel was uninsured, Edgar had an automobile insurance policy with Geico.[1] Geico conceded that its policy with Edgar stated that Geico was liable for damages arising out of Edgar's use of a "non-owned auto"—here, the Enterprise rental car. However, under the policy, Geico's liability was contingent on the condition that, "[s]uch use [of the non-owned auto] must be *with the permission*, or reasonably believed to be with the permission, *of the owner* and within the scope of that permission." (emphases added). Because Geico believed that Enterprise did not grant such permission, Geico denied coverage for the accident.

Garcia, the representative of Penafiel's estate, subsequently reached a

---

[1] Edgar's policy was the only possible source of insurance coverage for Penafiel's claims because the Graves Amendment prohibited Garcia from bringing suit against Enterprise or Enterprise's insurer to recover for Penafiel's death. *See* 49 U.S.C. § 30106.

*Coblentz* agreement with Edgar, in which Edgar agreed to the entry of a consent judgment in the amount of $5 million in resolution of the estate's wrongful death action against him. *See Coblentz v. Am. Sur. Co. of N.Y.*, 416 F.2d 1059, 1062–63 (5th Cir. 1969).[2] Garcia is now proceeding against Geico on a theory of bad faith under Florida law to recover the $5 million judgment.

There were three trials in this case, and neither jury in the first two trials was able to reach a verdict. After the first trial, the district court granted a directed verdict for Geico on the issue of whether Enterprise consented to Edgar's use of the rental vehicle. In doing so, the district court rejected the argument that Enterprise had given implied permission to Edgar, and found as a matter of law that Enterprise did not consent to Edgar's use. Therefore, the second and third trials addressed only whether Edgar reasonably believed he had the owner's permission to drive the rental car. In the third trial, the jury rendered a verdict in favor of Geico, finding that although Edgar had Miguel's express permission to drive the rental car, Edgar did not reasonably believe he had the permission of Enterprise, the owner. Garcia, Edgar, and Miguel now appeal.

We focus first on the main issue of the appeal: Appellants' contention that

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the Fifth Circuit handed down prior to October 1, 1981.

4

the court erred by refusing to apply Florida's dangerous instrumentality doctrine in this case and interpreting "permission . . . from the owner" as express permission. We review construction of an insurance policy *de novo*. *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1273–74 (11th Cir. 2008). "Because federal jurisdiction over this matter is based on diversity, Florida law governs the determination of the issues on this appeal." *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004). We will "follow the decisions of the state's highest court when that court has addressed the relevant issue," *Technical Coating Applicators, Inc. v. U.S. Fid. & Guar. Co.*, 157 F.3d 843, 844 (11th Cir. 1998), and "apply the state law as it exists at the time of the appeal and not at the time of the district court judgment," *id.* at 845 (citing *Kramer v. Piper Aircraft Corp.*, 868 F.2d 1538, 1541 (11th Cir. 1989) (per curiam)). In light of the Florida Supreme Court's recent ruling in *Chandler v. Geico Indem. Co.*, —So. 3d—, 2011 WL 5864808 (Fla. Nov. 23, 2011), we agree with Appellants and reverse and remand.[3]

The Geico policy dictated that Geico would provide coverage if Edgar had been using a borrowed vehicle with the "permission . . . of the owner." Appellants

---

[3] Given that in *Chandler* the Florida Supreme Court addressed the same issue raised in Appellants' Motion for Expedited Certification to the Florida Supreme Court, we find certification to be unnecessary, and thus Appellants' motion is DENIED.

5

argue that such permission is established—even in the absence of an express statement granting permission—where the owner has given its consent to the use or operation of the automobile beyond its immediate control, unless it can be demonstrated that there has been "a breach of custody amounting to a species of conversion or theft." *Roth v. Old Republic Ins. Co.*, 269 So. 2d 3, 5 (Fla. 1972) (quoting *Susco Car Rental Sys. of Fla. v. Leonard*, 112 So. 2d 832, 835–36 (Fla. 1959)). Appellants assert that "permission" is present in the rental car context when the driver receives permission to drive the car from someone lawfully in possession of the vehicle. Because the jury determined that Edgar received express permission from Miguel (the authorized renter), Appellants argue that Edgar therefore had permission as a matter of law from Enterprise.

The Florida Supreme Court's decision in *Chandler* supports Appellants' interpretation of "permission." In *Chandler*, Kutasha Shazier was insured by Geico under a policy that provided coverage for Shazier's vehicle and any "temporary substitute auto." 2011 WL 5864808, at *2. A "temporary substitute auto" was defined as a vehicle not owned by the policy holder that was temporarily used "with the permission of the owner." *Id.* When Shazier's vehicle broke down, she obtained a rental car from Avis Rent-A-Car ("Avis"). The rental agreement between Shazier and Avis, much like the agreement in this case, stated

6

that no additional operators of the vehicle were authorized and that allowing an unauthorized driver to operate the car would automatically terminate the rental agreement. *Id.* at *1. Shazier subsequently permitted an unauthorized driver to operate the car, who in turn lent the car to another unauthorized driver who crashed the vehicle. *Id.*

Geico denied coverage for the accident in *Chandler*, arguing that use of the rental car by the unauthorized driver terminated the rental agreement between Avis and Shazier and thus revoked the "permission of the owner." *Id.* Because Geico determined that Shazier lacked permission, the car was not within Geico's "temporary substitute auto" coverage. *Id.* The trial court disagreed, finding that Geico would be liable for any damages owed by Shazier, but the First District Court of Appeals reversed, holding that Avis had the right to define the scope of its permission and that unauthorized use of the car effectively revoked that permission. *Id.* at *2. The Florida Supreme Court then quashed the district court's decision. *Id.* at *10.

The Florida Supreme Court explained that under Florida's dangerous instrumentality doctrine, the type of consent given by a car owner "is simply consent to the use or operation of such an instrumentality beyond [the owner's] immediate control," *id.* at *5 (quoting *Susco*, 112 So. 2d at 837), and that consent

7

is not revoked in the absence of "a breach of custody amounting to a species of conversion or theft," *id.* at \*4 (quoting *Susco*, 112 So. 2d at 835–36). Because Florida law holds that a contract between a rental company and a renter that restricts use by unauthorized drivers cannot "change the fact that the automobile was being used with the owner's consent," *see Susco*, 112 So. 2d at 835, the Florida Supreme Court found that Shazier had Avis's permission to use the car at the time of collision, *Chandler*, 2011 WL 5864808, at \*9.

Edgar Baena's Geico policy covered his use of a non-owned auto, provided that such use was "with the permission, or reasonably believed to be with the permission" of the owner. *Chandler* instructs that the broad definition of "permission" developed in Florida's dangerous instrumentality cases is applicable to contractual insurance disputes, such as the one at hand. *See Chandler,* 2011 WL 5864808, at \*9. Therefore, if Enterprise gave its consent to Miguel to rent the car, that consent—in the absence of a breach of custody amounting to a species of conversion or theft—extended to any person that Miguel allowed to use the car. The district court did not apply this proper definition of permission. Instead, it incorrectly found as a matter of law that because Enterprise did not give express permission to Edgar, Enterprise did not consent to Edgar's use of the car. This finding of law, as well as the district court's grant of partial summary judgment in

8

favor of Geico regarding this issue, was in error.  We therefore reverse and remand

for proceedings that apply the law of *Chandler*.[4]

**REVERSED AND REMANDED.**

---

[4] Because we find that reversal and remand are warranted on the grounds above, we need not reach Appellants' other arguments.