VP PROPERTIES & DEVELOP-MENTS, LLP, a Florida Limited Partnership, Twin Oil Company, a Florida Corporation, Petitioners–Appellants–Cross Appellees,

v.

SENECA SPECIALTY INSURANCE COMPANY, an Arizona Corporation, Respondent–Appellee–Cross Appellant.

No. 15–11591
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 14, 2016.

Matthew John Jowanna, Ginger Lynn Dugan, Matthew J. Jowanna, PA, Wesley Chapel, FL, for Respondent–Appellee–Cross Appellant.

Joan Carlos Wizel, D. Spencer Mallard, Lydecker Diaz, LLC, Miami, FL, for Petitioners–Appellants–Cross Appellees.

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

VP Properties & Developments, LLP, and Twin Oil Co. appeal the district court's entry of a final declaratory judgment in favor of Seneca Specialty Insurance Company.

VP and Twin Oil argue on appeal that the district court erred in entering a default judgment excusing Seneca from all duties to defend and indemnify codefendant Alexar Oil Corp. under the "Total Liquor Liability Exclusion" clause of its insurance policy because it gave Seneca relief beyond what it had sought. VP and Twin Oil also contend that the district court erred in entering final judgment because there was an unresolved counterclaim that had not been litigated and because disputed factual issues remained.

Seneca cross-appeals. It argues that the district court erred in ruling that the "Total Liquor Liability Exclusion" clause only negates coverage for some, but not all, of the claims arising out of the underlying state court lawsuit with respect to VP and Twin Oil.

After careful review of the record and consideration of the parties' briefs, we affirm the district court's decision in its entirety.

I

Seneca issued a commercial general liability policy to Alexar Oil Corp. and additional parties not relevant to this appeal. VP Properties was listed as an additional insured on that policy. The insurance policy issued by Seneca contained a clause entitled "Total Liquor Liability Exclusion," which excluded coverage for "[c]ausing or contributing to the intoxication of any person," and for "[t]he furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol."

In January of 2012, 20–year old Alvin J. McMurty was killed in a motor-vehicle-related incident. The wrongful death complaint filed later by his estate alleged that, prior to the fatal accident, Mr. McMurty purchased alcohol illegally from a Sunoco gas station that Alexar had an interest in. In August of 2013, Mr. McMurty's estate sent a pre-suit demand letter requesting a settlement of $10,000,000 to Alexar, VP

Properties, Twin Oil, Seneca, and other parties who are not relevant to this appeal.

Shortly after receiving the demand letter, Seneca filed a declaratory judgment action in district court, naming as defendants Mr. McMurty's personal representative, Alexar, VP Properties and others. Seneca asserted that, due to the nature of Mr. McMurty's death and the "Total Liquor Liability Exclusion" clause of the insurance policy, it had no duty to defend or indemnify any of the insureds in the wrongful death suit. Alexar, VP Properties, and Twin Oil did not respond to the initial complaint and default was entered against all three parties. VP Properties and Twin Oil eventually entered their appearances, had the defaults against them set aside, and began to defend the action. Alexar, however, did not enter an appearance and remained in default throughout the duration of the declaratory judgment action.

Mr. McMurty's estate then filed a wrongful death action in state court against Alexar, VP Properties, Twin Oil, and additional parties not relevant to this appeal. The estate later amended its complaint to assert 41 counts, many of which did not directly or indirectly involve the sale of, consumption of, or general use of alcohol.

During the course of the declaratory judgment action, Seneca twice moved for summary judgment. Both times the district court ruled that Seneca was not entitled to a judgment that it had no duty to indemnify or defend the remaining active participants because there were plausible claims in the state court action that did not fall under the "Total Liquor Liability Exclusion" clause of the policy. The district court held that under Florida law Seneca was required to defend the entire wrongful death action because there were claims that did not involve the provision of alcohol. The district court also ruled, however, that Seneca would not have to indemnify any judgments that arose out of the alcohol-related claims.

Shortly after the district court's second summary judgment order, Seneca moved the court to enter a final declaratory judgment because it had no more issues pending following the summary judgment ruling. At this time Alexar still had not made an appearance in the case. VP Properties and Twin Oil objected to the entry of final judgment and asked the district court to stay the case until the conclusion of the state wrongful death action. The district court declined to do so and entered a final judgment. As a result of Alexar's default, the district court ruled that Seneca had no duty to defend or indemnify Alexar. Consistent with its summary judgment orders, the district court ruled that Seneca had a duty to defend the entire wrongful death action with respect to the remaining parties, but did not have to indemnify anyone for the alcohol-related claims that fell within the scope of the "Total Liquor Liability Exclusion" clause.

## II

VP Properties and Twin Oil first argue that the district court erred in granting default judgment against Alexar, and in ruling that Seneca had no duty to defend or indemnify Alexar in the state court wrongful death action. They assert that the district court mistakenly gave Seneca greater relief than it initially sought. We do not reach the merits of this first argument because VP Properties and Twin Oil do not have standing to appeal an adverse judgment against a co-defendant.

■ "Merely because a party appears in the district court proceedings does not mean that the party automatically has

standing to appeal the judgment rendered by that court." *Scottsdale Insurance Co. v. Knox Park Construction, Inc.*, 488 F.3d 680, 684 (5th Cir.2007) (citing *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir.1994)). Neither VP Properties nor Twin Oil is the party aggrieved by the ruling they are seeking to appeal. It is Alexar which suffered the default judgment that VP and Twin Oil now seek to appeal. Alexar is therefore the only party that would have standing to appeal the default judgment against it. "Only a litigant 'who is aggrieved by the judgment or order may appeal.'" *Knight v. State of Ala.*, 14 F.3d 1534, 1556 (11th Cir.1994) (internal citations omitted). VP Properties and Twin Oil are not permitted to champion the rights of Alexar. *See Scottsdale*, 488 F.3d at 684. *See also Marshall v. Nugent*, 222 F.2d 604, 616 (1st Cir.1955) (defendant who did not assert cross-claim against co-defendant did not have standing to appeal judgment in favor of co-defendant).

VP Properties and Twin Oil have no cognizable legal injury resulting from the district court's entry of default judgment against Alexar. VP Properties and Twin Oil concede in their brief, as they conceded in the district court, that the injury they might possibly suffer as a result of a ruling of non-coverage for Alexar is that Alexar might breach their contract and not indemnify them. The possibility of that kind of injury is too far removed from the district court's default judgment for VP Properties and Twin Oil to establish standing. VP Properties and Twin Oil would be injured only if the underlying state wrongful action resulted in a favorable verdict for the McMurty estate, the estate was able to collect from them, and Alexar was unable or unwilling to indemnify. "[A]n indirect financial stake in another party's claims is insufficient to create standing on appeal ... [t]he injury or threat of injury must be both real and immediate[,] not conjectural or hypothetical." *Scottsdale*, 488 F.3d at 684. (internal citations omitted). The possible future inability or refusal of Alexar to indemnify VP and Twin Oil in the event of an adverse outcome in the state wrongful death action falls short of the necessary injury needed to establish standing for an appeal. Accordingly, we dismiss this portion of the appeal.

### III

Twin Oil and VP Properties argue that the district court erred in entering final judgment because there was still an unresolved counterclaim that needed to be addressed. They assert that their seventh affirmative defense was actually a mistakenly designated counterclaim, and that the district court failed to address it before entering the final judgment. We disagree.

The seventh affirmative defense of VP Properties and Twin Oil states: "The application of the policy terms and exclusion alleged in Seneca's First Amended Petition for Declaratory Judgment is contingent upon unresolved determinations of fact and Petitioner is barred from denying coverage to its insured as a result." VP Properties and Twin Oil asserted this affirmative defense in their initial answer once their default was set aside and again after Seneca had filed an amended complaint. They made no effort to advance this supposedly mistakenly designated counterclaim or alert the district court to its presence. It is only on appeal that VP Properties and Twin Oil are asserting that their affirmative defense was simply a mislabeled counterclaim and that the district court erred by entering the final judgment while this counterclaim was still pending. We turn to both what constitutes an affirmative defense and what constitutes a counterclaim to address the argument presented by VP Properties and Twin Oil.

Federal Rule of Civil Procedure 8(c) prescribes the pleading standards for affirmative defenses. It also contains a non-exhaustive list of 19 possible affirmative defenses. As one district court explained, "[a]n affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D.Fla.1989). *See also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1270 (3d ed.2015). The seventh affirmative defense was essentially a request for a trial due to the supposed disputed facts or a stay of the federal action until the state wrongful death action was resolved. It was not an admission to the facts alleged in the complaint or something that may have allowed VP Properties and Twin Oil to negate or avoid liability.

As noted, VP Properties and Twin Oil say that their seventh affirmative defense was a mistakenly designated counterclaim. A counterclaim is any claim that a defendant may have against a plaintiff. *See Plant v. Blazer Fin. Servs., Inc. of Georgia*, 598 F.2d 1357, 1360 (5th Cir.1979); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1409 (3d ed.2015). Federal Rule of Civil Procedure 13 explains what constitutes both compulsory and permissive counterclaims. A compulsory counterclaim, in general, is a claim that a defendant has against the plaintiff that arises out of the same series of transactions or occurrences that form the basis for the plaintiff's claim and does not require adding another party that the court cannot acquire jurisdiction over. *See* Fed. R. Civ. P 13(a). A permissive counterclaim is a claim against the plaintiff that arises out of a different transaction or event. *See* Fed. R. Civ. P 13(b).

The seventh affirmative defense was not a counterclaim; in fact, it does not set forth any legal theory of recovery. It was nothing more than a request that the district court not rule on the question of policy coverage until after purported factual issues were resolved or until the state court proceedings concluded. Consequently, there was no unresolved counterclaim with its own unresolved issues of fact that prevented the district court from entering a final judgment.

## IV

In its cross-appeal, Seneca asserts that the district court's final judgment did not go far enough. It argues that the district court erred by ruling that the "Total Liquor Liability Exclusion" clause only negated coverage for part of the state court wrongful death action and only part of it. We disagree.

We review issues concerning the construction of an insurance contract *de novo*. *See Tech. Coating Applicators, Inc. v. U.S. Fid. & Guar. Co.*, 157 F.3d 843, 844–45 (11th Cir.1998). In an action like this case, a federal court sitting in diversity applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result. *See id.* Under Florida law, interpretation of an insurance contract, including determination and resolution of ambiguity, is a matter of law. *See Dahl–Eimers v. Mut. of Omaha Life Ins. Co.*, 986 F.2d 1379, 1381 (11th Cir.1993).

Seneca argues that the "Total Liquor Liability Exclusion" clause should have negated coverage for the entirety of the state court action because alcohol may possibly have been involved in the events that led to Mr. McMurty's death. The district court disagreed. The district court examined the exclusionary clause of the insurance policy against the numerous claims

alleged by Mr. McMurty's estate and concluded that there were claims that did not directly involve alcohol that could result in a favorable liability judgment. As a result coverage in its entirety was not negated and Seneca would be required to defend the suit and indemnify any judgments that were not alcohol-related.

■ After conducting a similar exercise as the district court, we reach the same conclusion. Seneca makes the same argument on appeal that it made in the district court—that the entirety of the lawsuit is essentially based on Mr. McMurty's underage drinking, and driving while under the influence, with no other possibilities. Having closely examined the "Total Liquor Liability Exclusion" clause of the insurance policy and the 41–count complaint that was filed by Mr. McMurty's estate, we disagree with the argument made by Seneca.

Only Counts I–VII and Counts XXX–XXXVI of the wrongful death complaint fall within the scope of the "Total Liquor Liability Exclusion" clause of the policy. The remaining 28 counts of the complaint all deal with racing, the sale of fuel, and the negligence involved with either allowing or encouraging such activity on commercial premises. Like the district court, we conclude that the "Total Liquor Liability Exclusion" clause does not, at this stage, bar these non-alcohol-related claims. We are not the trier of fact in the state wrongful death action and have not been asked to make any findings on liability issues. Our task, like that of the district court, is merely to look at the terms of the policy and apply them against what was alleged in the wrongful death complaint. And under Florida law, an insurer is required to defend an entire suit even if there are some claims that it is not required to defend or indemnify. *See MCO Envtl., Inc. v. Agric. Excess & Surplus Ins. Co.*, 689 So.2d 1114, 1116 (Fla. 3d

DCA 1997). Under an indemnification agreement an insurer has the obligation to cover the liability for the insured as outlined in the insurance agreement. *See U.S. Fire Ins. Co. v. Hayden Bonded Storage Co.*, 930 So.2d 686, 691 (Fla. 4th DCA 2006) (citation omitted). An insurer's duty to indemnify is determined by facts introduced at trial or the facts developed through discovery during litigation. *Id.*

In short, the district court did not err in its ruling that the "Total Liquor Liability Exclusion" clause did not at this juncture negate coverage for the entirety of the state wrongful death action.

### V

We dismiss the first portion of the appeal for lack of standing, affirm the district court's decision to enter final judgment, and affirm the district court's ruling that the "Total Liquor Liability Exclusion" clause of the policy did not negate the coverage for the entirety of the state wrongful death action.

**AFFIRMED.**