NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0826n.06

No. 12-6227

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Sep 12, 2013**
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| GREG REEVES | ) |
| | ) |
|     **Plaintiff-Appellant,** | ) |
| | ) |
| v. | ) **ON APPEAL FROM THE** |
| | ) **UNITED STATES DISTRICT** |
| CITY OF GEORGETOWN, KENTUCKY; | ) **COURT FOR THE EASTERN** |
| EVERETTE VARNEY, individually, and in his | ) **DISTRICT OF KENTUCKY** |
| official capacity as Mayor, City of Georgetown, | ) |
| Kentucky | ) |
| | |
|     **Defendants-Appellees.** | |

Before:    KEITH, WHITE, and STRANCH, Circuit Judges.

**DAMON J. KEITH, Circuit Judge**. Appellant Greg Reeves was formerly the police chief of the City of Georgetown in Kentucky. On February 2, 2012, he was removed from his position by the Mayor of the City of Georgetown, Everette Varney. Reeves brought this action under 42 U.S.C. § 1983, alleging a violation of his due process rights and a breach of contract claim. Reeves alleges that Appellees  the City of Georgetown and Mayor Varney in his individual and official capacity  terminated his employment without cause in violation of a City of Georgetown ordinance. he district court dismissed Reeves' claims and he filed a timely appeal. Upon *de novo* review, we affirm the district court's judgment.

From March 2004 until February 2, 2012, Reeves served as the police chief of the City of Georgetown. His employment was terminated by Mayor Varney without notice or a hearing. Reeves

alleges that his termination violated a City of Georgetown ordinance as well as his constitutional rights.

> The City of Georgetown ordinance Reeves relies on states that:
> The police force of the city shall consist of the following officers: chief of police, who is appointed by the mayor with approval of the city council and is subject to removal at any time for cause by the city council[.]

Ch. 2, Art. V, Div. 3, § 2-147 ("§ 2-147"). Section 2-147 was originally enacted in 1966 and has continuously been republished into the city's code of ordinances as recently as February 23, 2009. Reeves filed this suit in state court alleging that § 2-147 granted him a right to his employment and that pursuant to § 2-147, his employment could only be terminated by the Georgetown City Council for cause. Reeves sought reinstatement with full back pay and benefits, compensatory and punitive damages, and attorney's fees and costs. The Appellees removed the case to federal court and moved to dismiss under Rule 12(b)(6).

The district court dismissed Reeves' action, holding that § 2-147 was void because it conflicted with Kentucky's Home Rule Statutes, including KRS § 83A.130. The Home Rule Statutes set forth the powers and duties of the mayor and the city council in cities such as Georgetown that have adopted a mayor-council plan. Under the mayor-council plan, the executive authority is "vested in and exercised by the elected council of the city." KRS § 83A.130(3) & (11). The Home Rule Statutes provides that the mayor "shall be the appointing authority with power to appoint and remove all city employees, including police officers, except as tenure and terms of employment are protected by statute, ordinance or contract and except for employees of the council." § 83A.130(9).

2

The district court determined that § 2-147 did not simply "limit the mayor's removal power" as permitted by § 83A.130(9), but rather, transferred the mayor's removal power to the city council. Because the city council may perform executive functions only when those functions are "assigned to it by statute," § 83A.130(11), the court found that § 2-147 conflicted with § 83A.130(11) and was thus void under KRS § 83A.020 ("All ordinances and resolutions presently in force in each city not in conflict with the provisions of KRS [§] 83A.010 to [§] 83A.170 shall remain in force until changed."). Based on the conclusion that § 2-147 was void, the court determined that Reeves could not show that he had a protected property interest in his public employment and thus could not state a claim for violation of his substantive due process rights or breach of contract. This timely appeal followed.

We review a district court's Rule 12(b)(6) dismissal of a complaint for failure to state a claim *de novo*. *Brown v. Cassens Transp. Co.*, 675 F.3d 946, 953 (6th Cir. 2012). Conclusions of law are also subject to *de novo* review. *Dicicco v. U.S. Dep't. of Justice INS*, 873 F.2d 910, 913 (6th Cir. 1989).

This case involves an interpretation of Kentucky state law. On questions of state law, this Court is bound by the rulings of the state supreme court. *Bradley v. Gen. Motors Corp.*, 512 F.2d 602, 604 05 (6th Cir. 1975). "When there is no state law construing a state statute, a federal court must predict how the state's highest court would interpret the statute." *United States v. Simpson*, 520 F.3d 531, 535 (6th Cir. 2008). In the absence of any state supreme court precedent, a state's appellate court decisions are the best authority. *Id*. at 536.

3

Reeves's claims must be dismissed if Mayor Varney had the authority to terminate him under the Kentucky Home Rule Statute, KRS § 83A.080. The parties agree that the Kentucky Home Rule Statute is valid. It states that the mayor of a municipality, like the City of Georgetown, "shall be the appointing authority with power to appoint and remove all city employees, including police officers, except as tenure and terms of employment are protected by statute, ordinance or contract and except for employees of the council." § 83A.130(9). Reeves argues that § 2-147 sets forth a term of employment that is "protected by . . . ordinance" within the meaning of KRS § 83A.130(9), and that under § 2-147, which states that "[the] chief of police, who is appointed by the mayor with approval of the city council and is subject to removal at any time for cause by the city council," he can only be terminated for cause by the city council. Reeves argues that the local ordinance controls his case and that his termination was unlawful.

Appellees, on the other hand, argue that there is a conflict between the two statutes, and that § 2147 is void. The district court adopted Appellees' argument and dismissed the claims. We agree that the claims were properly dismissed, but do not find the statute and ordinance in conflict. *See Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002) ("[W]e may affirm on any grounds supported by the record even if different from the reasons of the district court.").

"We must begin by analyzing the plain language of statute." *Commonwealth v. Derringer*, 386 S.W.3d 123, 127 (Ky. 2012). When considering the plain language of the Home Rule Statutes and the local ordinance, there is no conflict that this panel must address. The Home Rule Statutes gives the mayor authority to appoint and remove all city employees, although the statute does not

state that such power is solely left to the mayor. Section 2-147 simply states that the chief of police is "subject to removal at any time for cause by the city council." The Home Rule Statutes does not strip the mayor of his or her authority to appoint and remove the chief of police; rather, a plain reading of § 2-147 indicates that the city ordinance simply sets forth another option for a valid termination of the chief of police by the city council for cause. Section 2-147 does not state that the mayor is stripped of his or her removal authority, nor that the city council has the sole authority to terminate the police chief. Because Reeves was terminated by the mayor, which is authorized, his claims were properly dismissed.

Reeves relies on no authority other than § 2-147 for the proposition that he could only be fired for cause. Because he provides no other authority, there is no basis for which this court can consider his claims. Reeves was terminated by the mayor under the authority properly vested in the mayor under the Kentucky Home Rule Statutes.

Accordingly, we **AFFIRM** the district court's dismissal of the case in its entirety.

**JANE B. STRANCH, Circuit Judge, concurring in the judgment.** I agree this case was properly dismissed, but I would affirm the analysis of the district court. The ordinance, § 2-147, is substantively preempted under KRS § 83A.020 because it conflicts with the division of executive and legislative authority specified in the applicable statute, KRS § 83A.130 (3) & (11). All executive authority of the city is vested in the mayor, not the city council. *Id.* By contrast, § 2-147 gives executive power to the city council to remove the police chief for cause even though the statute forbids the city council from performing "any executive functions except those functions assigned to it by statute." KRS § 83A.130(11). Because the ordinance conflicts with the statute, the ordinance is preempted under KRS § 83A.020. Reeves served in the position of chief of police as an at-will employee who did not have a property interest in employment. *See Williams v. London Util. Comm'n*, 375 F.3d 424, 426  28 (6th Cir. 2004).

Any doubt about Reeves's status at the time his employment was terminated is resolved by two City of Georgetown ordinances enacted in 2009, Ordinance Nos. 09-010 and 09-014. Both ordinances provide that all full-time city officers, department heads, and employees serve at will in their positions as of July 1, 2011. R. 5 Page ID 47  51. At the time the mayor terminated Reeves's employment in February 2012, these two city ordinances clearly provided that he was an at-will employee.

For these reasons, I would affirm the district court's dismissal of the case.